THOMAS, Justice.
The chancery court was asked to construe a clause of an insurance policy entitled “Coverage A: Bodily injury Liability” and to decide that the appellant was-entitled to a recovery of $3,000 in addition to the amount paid to him by the insurance carrier.
The policy was issued by the.appellee to-one William C; Edge to cover a motorcar owned by his wife. While' the contract was in force a car occupied by the Edges-collided with one occupied by the appellant and his wife and the Trombleys were injured. Each of the Trombleys sued for' personal injuries, and the husband sued also for the loss of the comfort, companionship, services and consortium of his wife. The jury in a simple verdict assessed the husband’s damages at $25,000 and the-wife’s at $2,000.
The insurance company paid $5,000 to the-husband and $2,000 to the wife. The hus *320 band now claims that although the wife’s verdict has. been discharged he is entitled to $3,000 mpre under the terms of the policy.. . We quote the ..clause, the title of: which we have already stated:
“To pay on behalf of the insured all 'sums which" th'e insured shall' become legally obligated [to pay] as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person caused by accident or arising out of the ownership, maintenance or use of the automobile.”
According to the complaint from which we have taken the facts just related the “policy covered bodily injury liability of $5000.00 for each person injured, .and $10,-000.00 for each accident.” (Emphasis supplied.)
Even without benefit of the parts of the policy appearing in the briefs, but nowhere' in the record, we have no difficulty adjudicating the liability precisely as the chancellor did. There is no justification for holding that the husband should receive the sum of $3,000 in addition to the amount; already . paid him. The. unit by which liability was to be determined was the, “person”; the limit of liability growing out of. any single accident was the sum of $10,000. Thus where two persons were injured each was to receive not more than $5,000, and where one was injured to an amount less than "that another who was.injured more could not recover the" limit of the amount allotable to him and the difference between that sum and the damage to the other. Such was not the meaning, purpose of intent of the language used. And there is no occasion to resort to rules of construction, the phraseology being to us quite clear.
We discover no error in the decree which, in effect, construed the insurance contract as making the insurer liable for $5,000 to the two injured persons severally but not liable to them for twice that sum jointly.
Affirmed.
ROBERTS, C. J., and DREW and BARNS, JJ., concur;