[Civ. No. 15776. Fourth Dist., Div. Two. Dec. 17, 1976.]

UNITED SERVICES AUTOMOBILE ASSOCIATION,
Plaintiff and Appellant, v.
NANCY L. WARNER et al., Defendants and Respondents.

958

**COUNSEL**

Parker, Stanbury, McGee & Babcock and Robert J. Moss for Plaintiff and Appellant.

Rose, Klein & Marias and Jerrold A. Bloch for Defendants and Respondents.

## OPINION

**MORRIS, J.**—Plaintiff United Services Automobile Association brought an action for declaratory relief, seeking an adjudication that under a policy issued by it to defendant Stacey Robertson the total policy limit applicable to the claims of the defendants Nancy Warner, Alonzo Warner, Dawn Warner, Michael Warner and Mark Warner is the "per person" limit of fifty thousand dollars ($50,000).

The trial court entered judgment in favor of defendants, adjudging that the applicable policy limit is the "per occurrence" limit of one hundred thousand dollars ($100,000). Plaintiff's appeal followed.

For the reasons discussed below the judgment is reversed.

### Statement of Facts

Defendant Nancy Warner was injured in an automobile accident on November 29, 1973. Defendant Stacey Robertson, plaintiff's insured, was the driver of the other vehicle involved in the accident. As a result of injuries she received in the accident, Nancy Warner has suffered a permanent paralysis of the lower portion of her body. Defendant Alonzo Warner has been married to Nancy Warner since 1958, and defendants, Mark, Michael and Dawn are the minor children of this marriage. These defendants were not present and did not witness the accident in which Nancy Warner was injured.

The defendants filed an action wherein it was alleged that Nancy Warner sustained personal injuries; that her husband, defendant Alonzo Warner, sustained a loss of consortium, and that the minor children sustained the loss of services of their mother.

The plaintiff brought this action for declaratory relief, seeking a declaration of its rights and duties under the insurance policy issued to Stacey Robertson and in effect on November 29, 1973, the date of the accident.

The policy limits for bodily injury were fifty thousand dollars ($50,000) for each person and one hundred thousand dollars ($100,000) for each occurrence. The insuring agreement of the policy provides that United Services Automobile Association agrees: "[t]o pay on behalf of the

insured all sums which the insured shall become legally obligated to pay as damages because of: [¶] A. bodily injury, sickness or disease, including death resulting therefrom . . . sustained by any person; . . . arising out of the ownership, maintenance or use of the owned automobile . . . ."

The limitation of liability portion of the policy provides as follows: "The limit of bodily injury liability stated in the declarations as applicable to 'each person' is the limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury sustained by one person as the result of any one occurrence; the limit of such liability stated in the declarations as applicable to 'each occurrence' is, subject to the above provision respecting each person, the total limit of the company's liability for all such damages arising out of bodily injury sustained by two or more persons as the result of any one occurrence."

Although the trial court entered judgment in favor of all defendants, the defendants Michael Warner, Mark Warner, and Dawn Warner have withdrawn their claim due to the uniformity of state court decisions holding that children have no right to recover for loss of services and consortium of an injured (living) parent. (*Garza* v. *Kantor,* 54 Cal.App.3d 1025 [127 Cal.Rptr. 164]; *Suter* v. *Leonard,* 45 Cal.App.3d 744 [120 Cal.Rptr. 110].)

██ The sole issue argued in this appeal is which policy limit applies to the husband's claim for loss of consortium. Does the claim for loss of consortium arise out of bodily injuries sustained by "one person" (the wife) so as to make the "per person" limit applicable; or is the claim for loss of consortium a claim for bodily injury to a second person (the husband) so as to invoke the "per occurrence" limit for injuries to "two or more persons as a result of any one occurrence."

*Discussion*

Appellant does not dispute the trial court's findings of fact, including the finding that the husband Alonzo Warner suffered a loss of consortium as a consequence of the injury and continuing disability of the wife. Therefore, the only question to be resolved by this court is whether the loss of consortium injuries suffered by Alonzo Warner constitutes a separate bodily injury within the meaning of the insurance policy issued by plaintiff herein. ██ No extrinsic evidence was presented in aid of

construction of the language of the policy. Under these circumstances, the question presented is one of law. (*Continental Cas. Co.* v. *Phoenix Constr. Co.,* 46 Cal.2d 423, 429-430 [296 P.2d 801, 57 A.L.R.2d 914].) ▮ Although ambiguities or uncertainties in an insurance policy must be resolved against the insurer, nevertheless, the policy must be given a reasonable interpretation and the words used are to be given their common, ordinary and customary meaning. (*Perkins* v. *Fireman's Fund Indem. Co.,* 44 Cal.App.2d 427, 431 [112 P.2d 670].)

▮ In our opinion the language setting forth the limits of liability is clear and free from ambiguity. The "per person" limit applies to *"all damages,* including *damages for care and loss of services, arising out of bodily injury sustained by one person . . . ."* (Italics added.) Clearly the words "all damages" includes the loss of consortium which loss necessarily arises out of the bodily injury sustained by one person, the injured spouse. It is true that the policy specifically mentions only damages for care and loss of services. However, in this context it is apparent that the phrase is inclusive rather than exclusive. (*Perkins* v. *Fireman's Fund Indem. Co., supra,* 44 Cal.App.2d 427, 431.) Loss of consortium is not only similar in kind to damage for loss of services in that it arises out of the bodily injury sustained by the injured spouse, but actually includes loss of services as one of its elements. (*Rodriguez* v. *Bethlehem Steel Corp.,* 12 Cal.3d 382, 404-405 [115 Cal.Rptr. 765, 525 P.2d 669].) It would seem obvious that if loss of consortium includes loss of services, then they must have the same source, i.e., the same injured person.

Because California courts have only recently recognized the right to recover for loss of consortium, the precise question presented in this appeal has not previously been considered in any published opinion in this state. However, the California courts have uniformly held that the "per person" limit applies to claims for loss of services and other consequential damages to a person related to the person suffering bodily injury in an accident. In *Perkins* v. *Fireman's Fund Indem. Co., supra,* the wife was injured in an automobile accident and claimed bodily injury; the husband who was not present and not involved in the accident sued for loss of services. In holding that the lower "per person" limit applied to both claims, the court stated: "An insurance policy, like any other contract, must be construed in its entirety and given a reasonable construction. A court cannot seize on the words 'one person,' and give those terms a distorted meaning, when another clause in the policy

expressly states what those terms mean. There is no ambiguity or uncertainty in the language used in the policy. Obviously, the words 'one person' refer to the injured person, and the words 'one accident' to the injury of several persons, regardless of how many may suffer loss by reason thereof." (*Perkins* v. *Fireman's Fund Indem. Co., supra*, 44 Cal.App.2d 427, 431; see also *Vanguard Ins. Co.* v. *Schabatka*, 46 Cal.App.3d 887 [120 Cal.Rptr. 614]; *Allstate Ins. Co.* v. *Shmitka*, 12 Cal.App.3d 59 [90 Cal.Rptr. 399]; *Campbell* v. *Farmers Ins. Exch.*, 260 Cal.App.2d 105 [67 Cal.Rptr. 175]; *Nelson* v. *United States Fire Ins. Co.*, 259 Cal.App.2d 248 [66 Cal.Rptr. 115]; *Lopez* v. *State Farm Fire & Cas. Co.*, 250 Cal.App.2d 210 [58 Cal.Rptr. 243]; *Valdez* v. *Interinsurance Exchange*, 246 Cal.App.2d 1 [54 Cal.Rptr. 906].)

While the policy language in the cited cases was not always identical with the language used in appellant's policy, and some of the cases involved claims in wrongful death actions, the principle consistently followed has been that where one person was injured or killed in the accident or occurrence, the single injury limit applied, regardless of the number of persons damaged as a result of that injury.

An examination of cases from other jurisdictions, where loss of consortium has enjoyed a longer recognition, reveals that the vast majority of those jurisdictions follow the principle that all damage claims, direct or consequential, including damages for loss of consortium, resulting from injury to one person, are subject to the "per person" limitation. (See *Gass* v. *Carducci*, 52 Ill.App.2d 394 [202 N.E.2d 73, 76, 203 N.E.2d 289]; *Napier* v. *Banks*, 9 Ohio App.2d 265 [224 N.E.2d 158]; *Trombley* v. *Iowa Nat. Mut. Ins. Co.* (Fla.) 70 So.2d 319; *Wilson* v. *Capital Fire Ins. Co. of Lincoln*, 136 Neb. 435 [286 N.W. 331].)

 The principle comports with sound logic and common sense. On the facts before us, it is obvious that defendant Alonzo Warner would have no claim under this policy for damages for loss of consortium of defendant Nancy Warner but for the injuries she sustained in the accident with Stacey Robertson. Therefore, the loss of consortium is clearly a loss sustained because of injuries to one person.

Respondent recognizes that the claim for loss of consortium has its origin in the injury to the spouse; that it does not arise unless the first spouse has sustained a bodily injury. Nevertheless respondent contends that, once the loss arises, it is a separate and independent physical injury of the second spouse.

In support of this contention respondent cites *Employers Cas. Ins. Co. v. Foust,* 29 Cal.App.3d 382 [105 Cal.Rptr. 505], wherein this court held the multiple limits provision applicable to the claim for emotional distress and resulting physical injury suffered by the mother as a result of actually witnessing the collision of an automobile with her child.

What respondent fails to recognize is that the court in the *Foust* case was construing the limits of liability as they applied to tort liability of the kind established by the California Supreme Court in *Dillon* v. *Legg,* 68 Cal.2d 728 [69 Cal.Rptr. 72, 441 P.2d 912, 29 A.L.R.3d 1316]. The *Dillon* case involved an action for damages for physical injuries to the plaintiff mother, resulting from emotional trauma in witnessing the accident causing the death of her daughter. The accident brought on by the defendant's conduct was the cause of direct injury to two persons, the daughter who received the impact and the mother who witnessed it. The effect of the *Dillon* decision was to enlarge the zone of risk to include those in whom a defendant should reasonably "foresee fright or shock severe enough to cause substantial injury in a person normally constituted." (*Dillon* v. *Legg, supra,* 68 Cal.2d 728, 740.)

The findings of fact of the trial court in the *Foust* case established a *Dillon* form of tort liability to the mother who witnessed an accident causing injury to her child. It was to this form of "bodily injury" to the mother that the *Foust* court applied the multiple limits of the insurance policy there in question. This limited application of *Foust* was emphasized by this court in *Vanguard Ins. Co.* v. *Schabatka, supra,* 46 Cal.App.3d 887. In *Vanguard,* the court held that a husband, who did not witness his wife's accident, was not "legally entitled" to assert a claim under the multiple limits of an insurance policy. He was limited, as a surviving spouse, to his claim under the single-injury policy limits. (*Id.,* at pp. 896-899.)

■ The cause of action for loss of consortium does not arise out of a bodily injury to the spouse suffering the loss; it arises out of the bodily injury to the spouse who can no longer perform the spousal functions. It is the loss of conjugal fellowship, affection, society and companionship which gives rise to the cause of action. (*Rodriguez* v. *Bethlehem Steel Corp., supra,* 12 Cal.3d 382, 405-406.)

Although a sensitive person may actually suffer physical illness as a result of being deprived of that conjugal affection, it is not that illness

which gives rise to the claim. The fact that loss of consortium may have physical consequences does not convert the cause of action into an action for bodily injury to the spouse suffering the loss. Such consequences would be an element of damage, the consequential damage arising out of the bodily injury to the injured spouse.

For the reasons stated we conclude that the policy limit applicable to the claim of Nancy Warner for her bodily injuries, and to the claim of Alonzo Warner for loss of consortium, is the $50,000 per person limit.

The judgment appealed from is reversed and this cause remanded to the superior court for proceedings consistent with this opinion.

Kaufman, Acting P. J., and McDaniel, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied February 11, 1977. Mosk, J., was of the opinion that the petition should be granted.