**SAFECO INSURANCE COMPANY OF AMERICA, Plaintiff,**

v.

**Thomas E. SIMMONS, et al., Defendants.**

**No. C–86–0325–WWS.**

United States District Court, N.D. California.

Aug. 11, 1986.

---

Socrates Peter Manoukian, Wines & Manoukian, San Jose, Cal., for plaintiff.

Lawrence D. Murray, Murray & Associates, San Francisco, Cal., for defendants.

## MEMORANDUM OF OPINION AND ORDER

SCHWARZER, District Judge.

Plaintiff Safeco Insurance Company of America (Safeco) moves for summary judgment on all claims asserted in its action for declaratory relief. Defendants Thomas Simmons and LaDonna Rae Simmons, who are husband and wife, are insureds under a policy issued by Safeco. Safeco seeks a determination that certain claims of the defendants are limited by the per accident and per person limits of the policy and that Mr. Simmons has no claim under the policy for negligent infliction of emotional distress.

### FACTS

The following facts are undisputed.

On May 27, 1984, Mrs. Simmons was driving east on Kiernan Road in a Ford pickup truck. She was accompanied by her twenty-one month old daughter, Codi Simmons. Kiernan is an undivided two-lane road. Two trucks, a GMC driven by Daniel

Sharp and a Datsun driven by Daniel Ford, were travelling in the west-bound lane toward Mrs. Simmons. The Datsun was following the GMC. Both of the drivers, Sharp and Ford, were intoxicated.

As they approached Mrs. Simmons, Ford attempted to pass Sharp's GMC on the right by moving onto the shoulder of the road. As a result of this maneuver, the left front bumper of Ford's Datsun became hooked with the right rear bumper of the GMC, and both trucks swerved to the left across the east bound lane. The GMC struck a telephone pole, and both trucks rebounded back into the lane. Mrs. Simmons's truck then collided with the GMC. There is some dispute as to whether her truck also struck the Datsun. Both Mrs. Simmons and Codi were severely injured in the crash, Codi dying later that day.

At the time of the accident, Mr. Simmons was also travelling east on Kiernan some distance behind his wife. He arrived at the scene of the accident ten to fifteen minutes after it occurred.

The Ford truck driven by Mrs. Simmons was covered by an automobile insurance policy issued by Safeco. That policy included coverage for injuries suffered in accidents with uninsured motorists. The limits of the coverage are $300,000 per accident and $100,000 per person injured. Regarding the per person limit, the policy states:

> The limit of bodily injury liability stated in the declarations as applicable to "each person" is the limit of SAFECO's liability for all damages, including damages for care and loss of services, arising out of bodily injury sustained by one person as the result of any one occurrence....

Defendants have asserted claims under the policy. Mrs. Simmons has asserted a claim for the physical injuries she suffered in the accident. Mr. Simmons has asserted a claim for loss of consortium resulting from Mrs. Simmons's physical injuries. Both Mr. and Mrs. Simmons claim wrongful death damages for the death of Codi. In addition, Mr. and Mrs. Simmons assert claims based on the emotional distress they experienced because of the death of Codi.

Safeco has filed this action for a declaration that:

(1) the collision in question constituted one accident, and all claims arising from the accident are therefore subject to the $300,000 per accident limitation on liability;

(2) Mrs. Simmons's physical injury claim and Mr. Simmons's loss of consortium claim are subject to the $100,000 per person limitation on liability;

(3) Both Mr. Simmons's and Mrs. Simmons's wrongful death claims are subject to the per person limit;

(4) Mr. Simmons has no claim for negligent infliction of emotional distress under *Dillon v. Legg*, 68 Cal.2d 728, 441 P.2d 912, 69 Cal.Rptr. 72 (1968).

Safeco now moves for summary judgment on all of these issues.

### DISCUSSION

#### A. *Choice of Law.*

■ Both parties assume California law governs. The policy does not state what law should apply. When a contract does not contain a choice-of-law provision, California law requires that the law of the place of performance of the contract govern its interpretation. Cal.Civ.Code § 1646 (West 1985). Specifically, the law of the state where premiums are paid and the policy is serviced governs the interpretation of an insurance policy. *See Baekgaard v. Carreiro*, 237 F.2d 459, 464 n. 3 (9th Cir.1956). The Safeco policy discloses that defendants obtained it through a California agent. The incident out of which defendants' claims arose and the place where the policy must therefore be serviced is California. Accordingly the place of performance is California, and California law applies.

#### B. *The Per Accident Limitation.*

Safeco contends that the collision between Mrs. Sharp's Ford and the other trucks constituted one accident and that its

maximum liability for the incident is $300,000.

Since the intention of the parties is not in issue, and the policy is not ambiguous, its interpretation is a question of law. *See Sherman v. Mutual Benefit Life Ins. Co.,* 633 F.2d 782, 784 (9th Cir.1980).

■ Defendants seek to avoid the limitation of the policy by arguing that the actions of the two negligent drivers constitute separate acts of negligence and therefore separate accidents. A common sense interpretation of the events compels the conclusion, however, that the concurrent negligence of the drivers brought about the locking of bumpers of their trucks which caused the accident.

The fact that there may have been more than one impact is immaterial. Clearly a single accident may involve more than one impact or collision. *See Hyer v. Inter-Insurance Exchange,* 77 Cal.App. 343, 246 P. 1055 (1926).

## C. *The Per Person Limitation.*

Safeco contends that the policy's per person limitation restricts Safeco's liability for all claims arising out of physical injury to any one person. According to Safeco, the claims covered by this limitation include loss of consortium and wrongful death. Thus, Safeco argues that its total exposure on Mrs. Simmons's claim for bodily injury and Mr. Simmons's claim for loss of consortium is $100,000. Similarly, exposure on both Mr. Simmons's and Mrs. Simmons's wrongful death claims is limited to $100,000.

Defendants do not address these contentions in their opposition. Rather they raise the new claim that Mrs. Simmons has suffered two types of injury—bodily injury and emotional distress from seeing her daughter injured—each of which is subject to a separate per person limitation. This argument does not appear to be relevant to Safeco's claims on this motion but if it were it would be without merit. The policy clearly makes the limit applicable to all damages, and precludes one person making two claims for a single accident based on the fiction that she is two persons.

## D. *Mr. Simmons's loss of consortium claim.*

■ A cause of action for loss of consortium does not arise out of a bodily injury to the spouse suffering the loss. It arises out of the bodily injury to the spouse who can no longer perform the spousal functions (i.e., Mrs. Simmons). Therefore, loss of consortium is a loss sustained because of injuries to *one person,* making the "per person" limit applicable. *United Services Automobile Association v. Warner* (1976) 64 Cal.App.3d 957, 965, 135 Cal.Rptr. 34; *Campbell v. Farmer's Insurance Exchange* (1968) 260 Cal.App.2d 105, 109–110, 67 Cal.Rptr. 175. If the physically injured's damages are less than the applicable policy limits, an arbitrator is empowered to award any other person damages for the loss of services *so long as the combined award does not exceed the applicable policy limits for one individual. United Services Automobile Association, supra; Campbell, supra.* The "per person" limitation defines "all damages" as including damage for care and loss of service and therefore the court found the language of the policy clear and unambiguous. *United Services Automobile Association, supra,* at p. 962, 67 Cal.Rptr. 175.

The only decision not following this rule is not controlling. In *Abellon v. Hartford Insurance Co.,* 167 Cal.App.3d 21, 212 Cal.Rptr. 852 (1985), the policy in question stated that, "The most we will pay for all damages resulting from bodily injury to any one person caused by any one accident is the limit of Bodily Injury Liability shown in this endorsement for 'each person.'" *Id.* at 24, 212 Cal.Rptr. 852. The court held that under this provision loss of consortium was a separate "bodily injury." *Id.* at 26–27, 212 Cal.Rptr. 852. The court distinguished *United Services Automobile Association* on the basis that the policy in-

volved in that case expressly included "loss of services" as part of the damages to which the per person limit applied. Since the Safeco policy also includes loss of services in the damages covered, *United Services Automobile Association* controls this case.

### E.  *The wrongful death claims.*

■ The per person limits on recovery apply to the claims of all heirs seeking wrongful death damages for the death of one person. *See Lopez v. State Farm Mutual Insurance Co.*, 250 Cal.App.2d 210, 58 Cal.Rptr. 243 (1967); *Valdez v. Interinsurance Exchange of the Automobile Club*, 246 Cal.App.2d 1, 54 Cal.Rptr. 906 (1966). Mr. and Mrs. Simmons may therefore not recover more than $100,000 for the death of Codi.

### F.  *Mr. Simmons's Claim for Negligent Infliction of Emotional Distress.*

■ Safeco asserts that Mr. Simmons has no right of action for negligent infliction of emotional distress under the California Supreme Court's decision in *Dillon v. Legg*, 68 Cal.2d 728, 441 P.2d 912, 69 Cal. Rptr. 72 (1968). *Dillon* allows recovery in certain circumstances to plaintiffs who suffer severe emotional distress as a result of witnessing injuries negligently inflicted on other persons. Whether recovery is allowed in any particular case depends on whether plaintiff's emotional distress was a foreseeable result of defendant's conduct. *Id.* at 739, 441 P.2d 912, 69 Cal.Rptr. 72.

■ It is undisputed that Mr. Simmons arrived 10–15 minutes after the accident occurred. There is no evidence of what if anything he saw when he did arrive. Simmons therefore has no claim. *Parsons v. Superior Court*, 81 Cal.App.3d 506, 146 Cal.Rptr. 495 (1978).

For the reasons stated, Safeco's motion must be granted.

IT IS SO ORDERED.