**ALLSTATE INSURANCE COMPANY, a corporation, Plaintiff–Appellee,**

v.

**Charles FIBUS, David Foran and Celeste Foran, Defendants–Appellants.**

**Nos. 87–6011, 87–6042.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 1988.

Decided Sept. 6, 1988.

As Amended on Denial of Rehearing Nov. 14, 1988.

Gregory R. Vanni and Karl W. Schoth, Thon & Beck, Pasadena, Cal., for defendants-appellants David Foran and Celeste Foran.

Allen Thomas, Smith & Thomas, Long Beach, Cal., for defendant-appellant Charles Fibus.

Abigail S. Kelly and Laura E. Fannon, Kelly, Herlihy & Bane, and William B. Boone, Kornblum & McBride, San Francisco, Cal., for plaintiff-appellee.

Before FARRIS and REINHARDT, Circuit Judges, and CROCKER,[*] District Judge.

FARRIS, Circuit Judge:

Charles Fibus, David Foran, and Celeste Foran appeal from the district court's grant of summary judgment to Allstate Insurance Company. We reverse the summary judgment and remand for factual findings.

## BACKGROUND

On November 3, 1985, an automobile driven by Charles Fibus collided with a

---

[*] The Honorable M.D. Crocker, Senior United States District Judge for the Eastern District of California, sitting by designation.

motorcycle driven by David Foran. Foran was severely injured. At the time of the accident, Fibus's insurance policy with Allstate limited Allstate's liability for bodily injury to $100,000 per person and $300,000 per occurrence. Allstate paid Foran $100,000 for his injuries, but would not pay Celeste Foran's claim for loss of consortium. Allstate relied on the following language in the policy:

> The [$100,000] limit stated for each person for bodily injury is our total limit of liability for all damages because of bodily injury sustained by one person in any single auto accident, *including all damages sustained by anyone else as a result of that bodily injury.* (emphasis added).

The Forans and Fibus concede that Allstate would have no liability on the consortium claim if the language of the policy applied. They contend, however, that the language was rendered inoperative under the following theory: (1) Fibus's original policy provided separate coverage for Celeste Foran's consortium claim; (2) before the accident, Allstate amended the policy so that a consortium claim would be aggregated with the underlying bodily injury claim for purposes of the $100,000 per person limitation; (3) Allstate did not properly notify Fibus of the amendment that reduced his coverage; (4) because of this, California law renders the amendment inoperative and reinstates the coverage provided under Fibus's original policy.

Allstate sought declaratory relief to determine coverage. The district court granted Allstate's motion for summary judgment, holding that the Forans together could not have received more than $100,000 under either the original policy or the amended policy. Thus, the court concluded that Allstate did not have to notify Fibus of linguistic changes in the amended policy because those changes clarified but did not reduce Fibus's coverage.

## DISCUSSION

### 1. *Coverage Under Original Policy*

■ The original policy provided that [t]he limit stated for each person for bodily injury applies to all damages arising from bodily injury, sickness, disease, or death sustained by one person in any one occurrence.

Under California law, this language is ambiguous and would be interpreted to provide separate coverage for Celeste Foran's consortium claim. *Abellon v. Hartford Insurance Co.*, 167 Cal.App.3d 21, 212 Cal. Rptr. 852, 857–60 (1985). The district court declined to follow *Abellon*, however, because *Abellon* was decided after Allstate amended the policy. The district court apparently believed that *Abellon* made new law and that prior law would have required the court to interpret Fibus's original policy as aggregating Celeste Foran's consortium claim with her husband's claim.

*Abellon* did not change California law. It is consistent with earlier cases and was mandated by the California Supreme Court's decision in *Rodriguez v. Bethlehem Steel Corp.*, 12 Cal.3d 382, 115 Cal.Rptr. 765, 525 P.2d 669 (1974). *Rodriguez* held that a loss of consortium claim was not a derivative claim, but one for an independent injury. *Id.* at 405, 115 Cal.Rptr. at 780, 525 P.2d at 684. Subsequent to *Rodriguez*, but before *Abellon*, the California Court of Appeals twice considered the issue of whether an insurance policy provided separate coverage for a consortium claim. In both cases, the Court of Appeals concluded that the policies did not provide separate coverage. The policies in those cases, however, expressly aggregated consortium claims with the claims of the party primarily injured. *Compare United Services Auto. Ass'n. v. Warner*, 64 Cal. App.3d 957, 135 Cal.Rptr. 34, 36–37 (1976) *and State Farm Mutual Auto Ins. Co. v. Ball*, 127 Cal.App.3d 568, 179 Cal.Rptr. 644, 645–46 (1981).

*Abellon* distinguished the policy language in question from that in *Warner* and *Ball*. Whereas policy language in *Warner* and *Ball* expressly precluded separate coverage for consortium claims, the language in *Abellon* did not. *See* 167 Cal.App.3d at 25, 31, 212 Cal.Rptr. at 853, 858. Under the maxim that ambiguous insurance contracts will be construed against the insurer, *Abellon* concluded that the contract could be reasonably interpreted to provide separate coverage for a consortium claim, which under *Rodriguez* is independent from the claim of the spouse primarily injured. *Id.*, 167 Cal.App.3d at 30–33, 212 Cal.Rptr. at 857–60.

By distinguishing *Warner* and *Ball*, the *Abellon* court did not make new law that raises retroactivity concerns. *Abellon* is merely the first post-*Rodriguez* case in California to interpret a policy that does not expressly aggregate consortium claims with underlying bodily injury claims. *Abellon* is pivotal in our interpretation of Fibus's original policy. That policy provided that Allstate would pay up to $100,000 for all damages for bodily injury to any one person in one occurrence. It did not expressly aggregate consortium claims with underlying bodily injury claims. We conclude therefore that Fibus's original policy must be reasonably interpreted to provide separate coverage for Celeste Foran's consortium claim.

### 2. *Notice of Change in Coverage*

Allstate amended the policy before the accident. The Forans and Fibus recognize that the amended version would not provide separate coverage for Celeste Foran's consortium claim. They contend that Allstate did not properly notify Fibus of the reduction in coverage and this failure renders the amendment inoperative and reinstates the coverage provided under Fibus's original policy.

■ "[A]n insurance company is bound by a greater coverage in an earlier policy when a renewal policy is issued but the insured is not notified of the specific reduction in coverage." *Fields v. Blue Shield of Cal.*, 163 Cal.App.3d 570, 209 Cal.Rptr. 781, 785 (1985). To be adequate, notice must be conspicuous, plain, and clear. *Id.*, 209 Cal. Rptr. at 786. The Forans and Fibus contend that (1) Allstate's notice was not conspicuous as a matter of law, and (2) even if it were, Fibus never received notice of a reduction in coverage.

■ Before Allstate issued the renewal policy, Allstate alleges that it issued to Fibus an "Amendatory Endorsement" that laid out the changes in the renewal policy. The eight-page document was broken down into various sections. Page one provided:

C. The first paragraph of the provision entitled Limits of Liability of Part I of the Policy has been replaced by the following:

The limits shown on the declaration page are the maximum we will pay for any single auto accident. The limit stated for each person for bodily injury is our total limit of liability for all damages because of bodily injury sustained by one person in any single auto accident, including all damages sustained by anyone else as a result of that bodily injury.

None of the language was highlighted.

■ Allstate's Amendatory Endorsement itself did not conspicuously notify Fibus of a reduction in coverage but we are unable to determine whether Allstate used means other than the Endorsement to notify Fibus. Since the record is silent on the point, we cannot rule as a matter of law. We therefore remand. The adequacy of the notice *and* whether any notification was sent to Fibus are both genuine issues of material fact upon this record.

Each party shall pay his fees and costs on appeal.

REVERSED AND REMANDED.