[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the court on respondent's Petition for Declaratory Judgment pursuant to the provisions of the Uniform Declaratory Judgment Act, General Laws 1956 (1985 Reenactment) §9-30-2.
FACTS
On November 6, 1987, in the vicinity of Jefferson Boulevard in Warwick, there was an automobile accident, with death resulting. The decedent, John J. Tuohy, in the scope of his employment, was struck by a vehicle owned and operated by Thomas Sargent while he was crossing Jefferson Boulevard. On December 15, 1987, Mr. Tuohy died as a result of the injuries which he sustained in the accident.
At the time of the accident, Mr. Tuohy was seventy-five years old and an employee of the Kenney Manufacturing Company. Following the accident, he was admitted to Rhode Island Hospital. He remained there until his death on December 15, 1987. There was a Workers' Compensation agreement between Kenney Manufacturing Company and Liberty Mutual Insurance Company (Liberty Mutual). Under this agreement, the compensation carrier paid Mr. Tuohy's medical bills and lost wages from the time of the accident until his death. The total amount paid by Liberty Mutual is $98,076.14.
Thomas Sargent was covered by an automobile liability policy with Nationwide Insurance Company (Nationwide) with limits of $100,000 per person and $300,000 per occurrence. Of the total per occurrence coverage, $100.000 has already been paid to a second accident victim, Susan Cole, who was also struck and injured in the incident. As a result of her injuries, she died on November 22, 1987.
A wrongful death claim was instituted by the estate of John Tuohy against Thomas Sargent. In addition, Mr. Tuohy's surviving spouse filed a claim for loss of consortium against Mr. Sargent. The estate is attempting to claim the $100,000 per person Nationwide policy limit through the wrongful death action. Mr. Tuohy's surviving spouse is seeking payment of the remaining $100,000 under the per occurrence coverage under the policy for loss of consortium. Liberty Mutual intends to be subrogated to both the estate and Nationwide for the payment of medical expenses and lost wages.
Nationwide argues that it is solely obligated to pay the $100,000 per person limit of its policy to the estate of John Tuohy, as long as Liberty Mutual Insurance Company is compensated to the extent of their payments. Furthermore, Nationwide takes the position that the spouse's loss of consortium claim is derivative of and included in the $100,000 per person limits and that the claim is not separate and distinct from that coverage.
The estate contends that it is entitled to the $100,000 per person limits outright, free of Liberty Mutual's Workers' Compensation lien. The estate also takes the position that the loss of consortium claim is not derivative of the $100,000 per person limits of recovery. In this regard, the surviving spouse of Mr. Tuohy is claiming the remaining $100,000 of coverage on Mr. Sargent's Nationwide insurance policy.
ISSUES
This court must decide two issues in order to make a ruling on the present Petition for Declaratory Judgment. One question is whether the $100,000 per person coverage provided under Nationwide's automobile insurance policy is subject to Liberty Mutual Insurance Company's Workers' Compensation lien for benefits and medicals it paid out to the decedent and his dependents. A second question is whether the spouse's loss of consortium claim is derivative to and included within the $100,000 per person limits of coverage; or in the alternative, whether the loss of consortium claim is a separate action arising out of the per occurrence policy limits.
LOSS OF CONSORTIUM ANALYSIS
This court must first look to the particular language of the insurance policy in order to make a determination with respect to the issues presented in this petition. The section entitledLimits of Payment of the Nationwide Insurance Company policy, reads in pertinent part:
 Amounts payable for liability losses — Our obligation to pay property damage or bodily injury liability losses is limited to the amounts per person and per occurrence in the attached Declarations. The following conditions apply to those limits:
 1. . . .
 2. For bodily injury liability, limits shown for any one person are for all legal damages claimed by anyone for bodily injury or loss of services of one person as a result of one occurrence. The total limit of our liability shown for each such occurrence is for all damages sustained by two or more persons.
The crucial issue which must now be addressed is whether, under the terms of the policy, the "per person" limit is applicable to all claims which flow from bodily injury to one person, including a loss of consortium claim by a spouse or child. The law in Rhode Island provides that when interpreting the terms of an insurance policy, the court is bound by the rules established for the construction of contracts. See Mallo v. Aetna Casualty andSurety Company, 459 A.2d 954, 956 (R.I. 1983). When the terms of an insurance policy are found to be clear and unambiguous, the terms must be applied as written. Id. Although ambiguities are to be construed in favor of the insured, when the language is plain, this rule of construction is not applicable. See Bush v.Nationwide Mutual Ins. Co., 448 A.2d 782 (R.I. 1982). It is the opinion of this court that the language of the policy at issue is clear and unambiguous. Applying the clear language of the policy provisions to the facts of the present matter, this court finds the $100,000 limit of liability "for any one person . . . claimed by anyone for bodily injury or loss of services as a result of one occurrence," is applicable in this case.
A survey of case law from other jurisdictions reveals that a majority of courts have adopted the rule that damages for loss of consortium resulting from bodily injury to one person are subject to the "per person" policy limitation. See, e.g., Reid v.State Farm Mutual Auto Ins. Co., 784 F.2d 577 (5th Cir. 1986);Montgomery v. Farmers Ins. Group, 585 F. Supp. 618 (S.D. Ind. 1984); Campbell v. Farmers Ins. Co. of Arizona, 745 P.2d 160
(Ariz. App. 1990); Izzo v. Colonial Penn Ins. Co., 524 A.2d 641
(Conn. 1987); United Services Auto Assn. v. Warner, 64 Cal.App.3d 957, 135 Cal.Rptr. 34 (1976); New Hampshire Ins. Co. v.Bisson, 122 N.H. 747, 449 A.2d 1226 (1982). Though articulated in varying terms, the policies in these cases contained language with both "per person" and "per occurrence" limitations. Invariably, these cases stand for the proposition that the "per person" limit is applicable to all claims for damages flowing from bodily injury suffered by one person.
In holding that a spouse's claim for loss of consortium is included within the "per person" limits of liability for damages resulting from bodily injury, many courts have emphasized that the term "one person" has consistently been construed to refer to the person who directly suffers bodily injury. See, e.g.,United Services Auto Assn. v. Warner, supra, 135 Cal.Rptr. at 37. In addition, the "per occurrence" language has been held to refer to the injury of several persons, regardless of how many persons may suffer loss as a result. Id. The "per person" limitation, therefore, applies to all damages sustained by all persons flowing from the bodily injury of one person. Izzo v.Colonial Penn. Ins. Co., supra, 524 A.2d at 644. Alternatively, the "per occurrence" policy language is applicable to instances where two or more persons sustain bodily injury in one occurrence. Id.
In United Services Auto Assoc. v. Warner, supra, the insurance policy at issue provided that, "[t]he limit of bodily injury liability . . . as applicable to `each person' is the limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury sustained by one person as the result of any one occurrence . . ." The court concluded that a spouse's loss of consortium claim was not equivalent to "bodily injury." Id. at 38. The court ultimately held that the "each person" policy limit precluded a separate claim for loss of consortium. Id.
In this regard, the Warner court stated that "this principle comports with sound logic and common sense." Id. at 37. The court also noted that but for the injuries sustained in the accident by the victim, the husband would have had no claim under the policy for damages for loss of consortium. Id. Thus, the Warner court reasoned that loss of consortium is clearly a loss that one sustains because of injuries to one person. Id.
In the present matter, it is clear that Mrs. Tuohy would not have a loss of consortium claim but for the fact that her husband was injured in the accident. Courts have remarked that claims for loss of consortium are derivative in nature, and inextricably related to the claim of the injured spouse. See Izzo, 524 A.2d at 645. Accordingly, it is the opinion of this court that the language setting forth the limits of liability is clear and unambiguous. The "per person" limit in Nationwide's policy is applicable to all claims for damages resulting from bodily injury sustained by one person, including a claim for loss of consortium. Mrs. Tuohy's loss of consortium claim therefore falls within the "per person" policy limit as it is a loss sustained "for bodily injury . . . of one person as a result of one occurrence."
SUBROGATION ANALYSIS
In regard to Liberty Mutual's subrogation rights in this case, the provisions of G.L. 1956 (1986 Reenactment) § 28-35-58
are clearly applicable. This statute deals with the subrogation rights of a compensation carrier and provides, in pertinent part, as follows:
. . . [I]f the employee has been paid compensation under those chapters, the person by whom the compensation was paid shall be entitled to indemnity from the person so liable to pay damages as aforesaid, and to the extent of that indemnity shall be subrogated to the rights of the employee to recover therefor; Provided, however, That when money has been recovered either by judgment or by settlement by an employee from the person so liable to pay damages as aforesaid, by suit or settlement, and the employee is required to reimburse the person by whom compensation was paid . . .
In deciding on this issue, the court is mindful of the legislative intent behind the enactment of § 28-35-58, which is to avoid a double recovery of damages by either an employee, a widow of an employee, or the estate of an employee, who has received Workers' Compensation.
In the case at bar, Mrs. Tuohy has received benefits under G.L. 1956 (1986 Reenactment) § 28-33-12. This statute provides:
 If death results from the injury, the employer shall pay the dependents of the employee, wholly dependent upon his earnings for support at the time of his injury or death . . . if the dependent is a widow . . . the employer shall pay the widow the weekly rate for total incapacity the deceased would have been entitled to receive under the provisions of § 28-33-17 plus fifteen dollars ($15.00) per week for each dependent child.
Therefore, G.L. 1956 (1986 Reenactment) § 28-35-38 provides Liberty Mutual with subrogation rights for payments made pursuant to § 28-33-12 of the Workers' Compensation Act. With respect to liability for medical expenses and diminution of earning power, G.L. 1956 (1985 Reenactment) § 10-7-5 reads as follows: "Every such action shall be brought by and in the name of the executor or administrator of such deceased person, whether appointed or qualified within or without the state and the amount recovered in every such action shall go to the decedent's estate and become part thereof." In addition, G.L. 1956 (1985 Reenactment) § 10-7-2
provides that action may be brought for economic loss, recovery of which is payable to the dependents of the deceased.[1] These statutes aid the court in determining those portions of the recoverable damages that are assets of the estate, and those that are payable to the beneficiaries.
However, before this court can proceed with making a determination as to actual damages recoverable by the parties in this case, the language of G.L. 1956 (1985 Reenactment) § 10-7-2
must be reconciled with the language contained in G.L. 1956 (1986 Reenactment) § 28-33-12. Specifically, under § 28-33-12 of the Workers' Compensation Act, the term "dependents" is not synonymous with the phrase, "children of the deceased" under §10-7-2 of the Wrongful Death Act. That is, the Death Act mandates that one half of the recovery be allotted to the "children of the deceased", whereas § 28-33-12 of the Workers' Compensation Act refers to "dependents." In the present matter, the children of the decedent are not "dependents" who have received compensation.
The Supreme Court of Maine construed a statutory scheme similar to the one presently at issue in Buzynski v. County ofKnox, 159 ME 52, 188 A.2d 270 (1963). The court was faced with the interplay of the Maine Wrongful Death Act and the Workers' Compensation Act. Under the Death Act, adult children were beneficiaries, yet under the Workers' Compensation Act, they were not treated as such, unless unable to work. Buzynski, 188 A.2d at 274. Adult children, therefore, were not considered "dependent" beneficiaries under the Compensation Act.
The court held that subrogation rights would only be applicable to the interests of the beneficiaries under the Workers' Compensation Act. Id. In so holding, the Buzynski
court indicated that fairness and equity required that the portions of recovery under both the Wrongful Death Act and the Workers' Compensation Act be distributed according to the third party statute under the Compensation Act. Id. The essence of the court's ruling was that the benefits payable to the non-dependent, adult children would not be subject to subrogation. Applying Buzynski to the case at bar, any damages that Mr. Tuohy's children are entitled to under the Death Act would be free of Liberty Mutual's compensation lien.
Presently, the defendant, Nationwide Insurance Company, has indicated a willingness to pay out on the $100,000 "per person" policy limit contained in the insurance policy. Of the $100,000 limit, this court finds that Liberty Mutual is entitled to be reimbursed for the benefits it paid out for medical bills and lost wages from the date of the accident until the time of Mr. Tuohy's death. To this end, Liberty Mutual's compensation lien applies to those damages payable under the Nationwide policy pursuant to G.L. 1956 (1985 Reenactment) § 10-7-5. Liberty Mutual also has subrogation rights with respect to the one-half portion to which the widow, Mrs. Tuohy, is entitled under G.L. 1956 (1985 Reenactment) § 10-7-2. Thus, of the $50,000 payable under the Nationwide policy for economic loss under § 10-7-2 of the Death Act, the $25,000 payable to the children of John Tuohy would not be subject to the subrogation rights of Liberty Mutual.
For the reasons set forth above, this court declares that the "per person" policy limit is applicable to the widow's claim for loss of consortium. In addition, the limits of coverage under the Nationwide policy are subject to the subrogation rights of Liberty Mutual as to compensation benefits paid to the decedent and the dependents of the decedent. Counsel shall prepare an appropriate judgment for entry.
[1] General Laws 1956 § 10-7-2. Persons who may bring action — Limitation of action — minimum recovery — "Every such action . . . shall be brought in the name of the executor or administrator of such deceased person . . . and the amount recovered in every such action shall one-half (1/2) thereof go to the husband or widow, and one-half (1/2) thereof to the children of the deceased . . ."