**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 18 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| METROPOLITAN BUSINESS MANAGEMENT, INC., a California corporation; JOHN KHAKI, an individual, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> ALLSTATE INSURANCE COMPANY, an Illinois corporation, <br><br> Defendant - Appellee. | No. 09-57002 <br><br> D.C. No. 2:05-cv-08306-CAS-CW <br><br><br> MEMORANDUM[*] |
| METROPOLITAN BUSINESS MANAGEMENT, INC., a California corporation; JOHN KHAKI, an individual, <br><br> Plaintiffs - Appellants - Cross - Appellees, <br><br> v. <br><br> ALLSTATE INSURANCE COMPANY, an Illinois corporation, | No. 09-57008 <br><br> D.C. No. 2:05-cv-08306-CAS-CW |

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Matthew F. Kennelly, District Judge for the U.S. District Court for Northern Illinois, Chicago, sitting by designation.

Defendant - Appellee - Cross -
Appellant.

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted August 3, 2011
Pasadena, California

Before: REINHARDT and BERZON, Circuit Judges, and KENNELLY, District Judge.[**]

Plaintiffs-Appellants-Cross-Appellees Metropolitan Business Management, Inc. ("MBM") and John Khaki have appealed the district court's orders denying their request for attorney's fees pursuant to *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985), and reducing their award of punitive damages. Defendant-Appellee-Cross-Appellant Allstate Insurance Company seeks reversal and entry of judgment in its favor. The district court's orders followed a jury verdict in favor of MBM and Khaki on their breach of contract and bad faith claims. The district court treated the jury's verdict as advisory on MBM and Khaki's declaratory judgment claim, which the court resolved in favor of MBM and Khaki. *See* Fed. R. Civ. P. 39(c). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err in denying Allstate's motions for judgment as a matter of law. We review the district court's denial of these motions de novo,

2

viewing the evidence in the light most favorable to MBM and Khaki and drawing all reasonable inferences in their favor, and may overturn the rulings only if there was no legally sufficient basis for a reasonable jury to find in favor of MBM and Khaki. *See Bell v. Clackamas Cnty.*, 341 F.3d 858, 865 (9th Cir. 2003). The evidence introduced at trial was sufficient for a reasonable fact finder to conclude that in 1995, Allstate added MBM by name to Dominic Annino's policy as an insured. It is undisputed that Allstate failed to notify MBM when it reduced coverage by changing the policy from Form AU9700 to Form AP529 in 1997. Because insurance companies are "'bound by a greater coverage in an earlier policy when a renewal policy is issued but the insured is not notified of the specific reduction in coverage,'" Allstate is bound by the broader coverage grant in Form AU9700. *Allstate Ins. Co. v. Fibus*, 855 F.2d 660, 663 (9th Cir. 1988) (quoting *Fields v. Blue Shield of Cal.*, 163 Cal. App. 3d 570, 579 (1985)); *cf. Kotlar v. Hartford Fire Ins. Co.*, 83 Cal. App. 4th 1116, 1121 n.3 (2000) (holding that "the named insured" entitled to notice of cancellation under Cal. Ins. Code § 677.2(b) includes "'[a]dditional named insureds' . . . who are added as insureds after the policy issues").

Allstate had a duty to defend MBM and Khaki because the claims in the underlying complaint were potentially covered by Form AU9700. *See Horace*

3

*Mann Ins. Co. v. Barbara B.*, 4 Cal. 4th 1076, 1081 (1993). The jury's finding that Allstate's refusal to defend MBM and Khaki was unreasonable, and therefore constituted bad faith, was supported by sufficient evidence. *See Wilson v. 21st Century Ins. Co.*, 42 Cal. 4th 713, 723 (2007); *First Nat'l Mortg. Co. v. Fed. Realty Inv. Tr.*, 631 F.3d 1058, 1067-68 (9th Cir. 2011).

The district court likewise did not err in denying Allstate's motion for a new trial based on the jury's award of emotional distress damages to Khaki. Khaki had standing as an "insured person" within the meaning of Form AU9700. *See Seretti v. Superior Nat'l Ins. Co.*, 71 Cal. App. 4th 920, 929 (1999). Moreover, the amount of the award was not against the clear weight of the evidence or grossly excessive when compared with similar cases. *See McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 957 (9th Cir. 2011).

In awarding MBM and Khaki punitive damages, the district court did not clearly err in finding that Allstate's conduct constituted "'oppression, fraud, or malice'" and that one of Allstate's managing agents ratified that conduct. *Cal. v. Altus Finance S.A.*, 540 F.3d 992, 1000 (9th Cir. 2008) (quoting Cal. Civ. Code § 3294(a)); *see also* Cal. Civ. Code § 3294(b). We review the constitutionality of the $2,000,000 punitive damages award de novo. *Altus Finance S.A.*, 540 F.3d at 1000. Considering it in comparison to the jury's $612,846.57 award of

4

compensatory tort damages, *see Major v. W. Home Ins. Co.*, 169 Cal. App. 4th 1197, 1224 (2009), we conclude that the punitive damages award is not excessive in light of the standard articulated in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), and our cases applying that standard. *See, e.g., S. Union Co. v. Irvin*, 563 F.3d 788, 791-92 (9th Cir. 2009). Nor did the district court clearly err in determining, on reconsideration, that the evidence of recidivism was weak, warranting a reduction in the amount of the award. *See Mendez v. Cnty. of San Bernardino*, 540 F.3d 1109, 1120-21 (9th Cir. 2008).

Finally, the district court did not err in denying MBM and Khaki's request for *Brandt* fees. Because such fees are recoverable as damages in a bad faith action, they may be awarded only "by the trier of fact unless the parties stipulate otherwise." *Brandt*, 37 Cal. 3d at 819. The parties did not enter into a stipulation that the issue would be decided by the district court. Allstate clearly stated its objection to determination of *Brandt* fees by the court, and its response to a note the jury sent after it had started deliberations did not amount to a stipulation that the court could decide this issue as the finder of fact after no evidence on the issue had been presented to the jury. Finally, because the jury was the trier of fact on the bad faith claim, MBM and Khaki's separate declaratory judgment claim did not enable the district court to award them *Brandt* fees.

5

**AFFIRMED.**