Odie Joe REID, Plaintiff-Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.

No. 85–4649
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 4, 1986.

Stanton J. Fountain, Jr. and Patti Cru-
thirds Golden, Biloxi, Miss., for plaintiff-ap-
pellant.

James N. Compton, Biloxi, Miss., for de-
fendant-appellee.

Before POLITZ, GARWOOD, and JOL-
LY, Circuit Judges.

POLITZ, Circuit Judge:

Odie Joe Reid appeals the grant of sum-
mary judgment rejecting his claim for loss
of consortium against State Farm Mutual
Automobile Insurance Company, his unin-
sured motorist insurer, resulting from per-
sonal injuries sustained by his wife Juanita
Reid. Concluding that the district court
properly applied Mississippi law to the un-
disputed facts, we affirm.

*Factual Background*

Juanita Reid was seriously injured in an
accident caused by a negligent, uninsured
motorist. Mrs. Reid, accompanied by Hen-
rietta Zahn, was driving an auto belonging
to her and her husband. The Reids owned
a second vehicle. State Farm issued an
insurance policy on each vehicle. The two
policies provided the uninsured motorist
protection required by Mississippi law,
$10,000 per person and $20,000 per acci-
dent. *Miss.Code* § 83–11–101.

Shortly after the accident State Farm
settled Mrs. Reid's claims by paying the
maximum per person allowance under each
policy. In addition to paying this $20,000
to Mrs. Reid, State Farm paid Ms. Zahn the
remaining $10,000 per person payment pro-
vided by the policy covering the auto in-
volved in the accident.

Odie Joe Reid urges aggregating or
stacking the policies and claims entitlement
to the remaining $10,000 under the second
State Farm policy. He maintains that he is
an "insured" and a "person" under the
policies. Mr. Reid was not involved in the
accident and therefore sustained no bodily
injury. His claim derives entirely from the
bodily injuries suffered by his wife.

*Analysis*

At the outset we note the applicable
standards of review. Contract interpreta-
tion is a question of law, subject to full
appellate review. *Turbo Trucking Co. v.
Underwriters at Lloyd's,* 776 F.2d 527 (5th
Cir.1985). That includes a determination as
to a contract's facial ambiguity. *City of
Austin v. Decker Coal Co.,* 701 F.2d 420
(5th Cir.1983).

One seeking summary judgment
must establish entitlement as a matter of
law, *Galindo v. Precision American
Corp.,* 754 F.2d 1212 (5th Cir.1985), and the
court will review the facts drawing all in-
ferences most favorable to the party oppos-
ing the motion, *United States Steel Corp.
v. Darby,* 516 F.2d 961 (5th Cir.1975). On
appeal we apply the same standards. *John
v. State of Louisiana,* 757 F.2d 698 (5th
Cir.1985).

In this diversity jurisdiction case, we
are *Erie*-bound to apply the substantive
law of Mississippi. The district judge,
schooled and skilled in the law of his state,
*Avery v. Maremont Corp.,* 628 F.2d 441
(5th Cir.1980), analyzed Mississippi's juris-
prudence and concluded that Odie Reid was
an insured with a valid claim but that his
claim for damages was subject to the per
person limitation applicable to his wife's
claim. We agree with the district judge's
application of Mississippi law, buttressed
by an opinion rendered by the Supreme
Court of Mississippi after the district
court's ruling.

Appellant contends that he is an "in-
sured" and is entitled to the status of a

"person" under State Farm's uninsured motorist provisions, advancing as dispositive authority the decisions of the Supreme Court of Mississippi in *Pearthree v. Hartford Accident & Indem. Co.,* 373 So.2d 267 (Miss.1979) [*Pearthree I*], and *United States Fidelity & Guaranty Co. v. Pearthree,* 389 So.2d 109 (Miss.1980) [*Pearthree II*]. Standing alone, the *Pearthree* opinions support appellant's position. However, these decisions may not be viewed in a legal vacuum but must be placed appropriately in the mosaic of the continually evolving substantive law of Mississippi. Doing so, and considering the rulings and rationale of the *Pearthree* decisions in light of subsequent opinions, particularly *State Farm Mutual Automobile Ins. Co. v. Acosta,* 479 So.2d 1089 (Miss.1985), and *Old Sec. Cas. Ins. Co. v. Clemmer,* 455 So.2d 781 (Miss.1984), we are convinced that the trial court properly dismissed Reid's claim.

In *Pearthree I,* the Mississippi court held that a child whose mother was killed in an automobile accident was an insured within the ambit of the uninsured motorist coverage, and that the limits of two policies could be aggregated or stacked. The child was considered an insured because she was entitled under Mississippi law to bring an action for the death of her parent. We apply this ruling to Reid's claim. Under Mississippi law Reid may bring an action for loss of consortium. He is accordingly an insured under State Farm's policies.

In *Pearthree II,* the court equated "insured" with "person." It is this reference upon which Reid principally relies in asserting his independent loss of consortium claim under the uninsured motorist provision. It is this reference which is markedly restricted, or more probably implicitly overruled, by the *Clemmer* and *Acosta* decisions.

In *Clemmer,* cited by the trial judge in granting State Farm's motion for summary judgment, the Mississippi court interpreted a limits clause of a liability policy to deny recovery by Clemmer who had sustained no physical injuries but who sought an award against the defendant driver. Clemmer at-

tempted to avoid the per person limitation by seeking refuge under the greater per occurrence limitation. The per person maximum had been paid to Clemmer's wife for her personal injuries. The court denied Clemmer recovery because "the award for punitive damages to Mr. Clemmer, a second claimant, is not a claim for all damages arising because of 'bodily injury' of a second person so as to reach the 'per occurrence' coverage of this policy." 455 So.2d at 784. In reaching this conclusion, the court cited and quoted with approval the decision of the California court in *United Services Auto Association v. Warner,* 64 Cal.App.3d 957, 135 Cal.Rptr. 34 (1977), a case factually indistinguishable from the case at bar. In *Warner* an uninjured husband sued for loss of consortium resulting from injuries sustained by his wife. The court held that his claim and that of his wife were, together, subject to the per person limit contained in the policy. The per occurrence limit was found not applicable.

Reid argues that *Clemmer* is not dispositive because it involves a liability policy. We are persuaded of no reasoned basis for differentiating between liability and uninsured provisions when considering the per person and per occurrence issue, but even if we were, *Acosta* forecloses the matter.

In the recent *Acosta* litigation, Betty Acosta, individually and on behalf of her minor daughter Donna, sued State Farm, claiming uninsured motorist benefits under two policies. Donna was driving an Acosta vehicle. State Farm conceded liability to Donna for the maximum per person payment under each policy and paid the maximum benefit to a passenger riding with Donna. The trial court concluded that Mrs. Acosta, who was not injured in the accident, could recover her losses resulting from Donna's injuries from the uninsured motorist insurance on the auto not involved in the accident. The trial court aggregated the policies for that purpose. The Mississippi Supreme Court concluded that "the trial court erred in aggregating the liability of State Farm under the [other vehicle's] uninsured motorist coverage for Betty be-

cause she sustained no bodily injury." 479 So.2d at 1090. Citing the *Clemmer* and *Warner* cases the court held that "[U]nless there are at least two claimants, under the policy, who have sustained bodily injury, the $20,000.00 [per occurrence] limit does not have application.... Betty Acosta was an insured under both policies but suffered no bodily injury, therefore, the policy limits were reached by the payments to Donna, the injured party." 479 So.2d at 1091.

We find *Clemmer* and *Acosta* dispositive of the contentions of appellant. We find unpersuasive the suggestion that the policies at bar are ambiguous and that their language significantly differs from the language of the policies in *Clemmer* and *Acosta*. Accordingly, the judgment of the district court is AFFIRMED.