STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
Plaintiff-Appellee,

v.

Larry EUBANKS, Sr., et al.,
Defendants-Appellants.

No. 85–4525
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 4, 1986.

William Liston, Jerry Read, Winona, Miss., for defendants-appellants.

Jack F. Dunbar, Wylene W. Dunbar, Edward A. Moss, Oxford, Miss., for plaintiff-appellee.

Before POLITZ, GARWOOD and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

On May 6, 1983, Larry Eubanks, Jr. was killed in an automobile accident caused by the negligence of Micky Allen Hudson, an uninsured motorist and the driver of the automobile in which Larry Eubanks, Jr. was a passenger. After recovering $10,000 from Hudson's insurance company, the appellants (the Eubanks), Larry Eubank's statutory next-of-kin, were entitled to recover, under the uninsured motorist provisions, from State Farm Mutual Automobile Insurance Company (State Farm), the Eubanks' automobile insurer. A dispute arose over the proper interpretation of the "Each Person" liability clause contained in these policies, with State Farm contending that its liability was limited to $45,000, while the Eubanks contended that State Farm's liability was $90,000. On appeal we review the district court's grant of summary judgment in favor of State Farm. We affirm.

## I.

Larry Eubanks, Jr. was the minor son of Larry Eubanks, Sr., and Lorene Eubanks, and the brother of Sherry Jean Eubanks Crimm and Judy Lynn Eubanks. These four family members, the appellants in this action, are the only known statutory next-of-kin of Larry Eubanks. After Larry Eubanks, Jr. was killed in the automobile accident, Employers Mutual Insurance Company (Employers Mutual) paid the Eubanks $10,000 on behalf of Hudson, the negligent driver of the automobile. The Eubanks were also entitled to recover from their insurance company, State Farm, because Larry Eubanks, Jr. was an "insured" under three automobile liability insurance policies issued to Larry and Lorene Eubanks, Sr., and Hudson was legally considered an uninsured motorist.[1]

The specific uninsured motorist liability limits contained in the three State Farm policies are:

| Policy Number | "Each Person" | "Each Accident" |
|---|---|---|
| 145 6952–C21–24C | $25,000 | $50,000 |
| 148 5656–E13–24 | $10,000 | $20,000 |
| 151 3921–F02–24A | $10,000 | $20,000 |

But for the limits of liability, all three of the insurance policies are identical. The policies state that:

> We will pay damages for *bodily injury* and *property damage* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle.* The *bodily injury* or *property damage* must be caused by accident arising out of the operation, maintenance or use of an *uninsured motor vehicle.*
>
> . . . .
>
> The amount of coverage is shown on the declarations page under "Limits of Liability __ U1 __ Each Person, Each Accident". Under "Each Person" is the amount of coverage for all damages due to *bodily injury* to one *person.* Under "Each Accident" is the total amount of coverage for all damages due to *bodily injury* to two or more *persons* in the same accident.

The Eubanks contend that *each* of Larry Eubanks, Jr.'s statutory kin is entitled to recover under the "Each Person" person limits of the three policies ($45,000), subject only to the overall maximum per accident limit ($90,000). State Farm disagrees, contending that the "Each Person" language refers to each person who was injured in the accident, not to each of the kin left by the injured person.

On May 4, 1984, State Farm filed an action in the Northern District of Mississippi, naming the Eubanks as defendants, seeking a declaratory judgment of its liability in this case. On July 6, 1984, the Eubanks filed answers to State Farm's complaint and separate counterclaims seeking payment of the aggregate amount of "Each Person" uninsured motorist coverage to each individual appellant. In addition, the Eubanks contended that State Farm was acting in bad faith in denying its aggregate uninsured motorist liability and thus requested $5,000,000 in punitive damages.

On February 4, 1985, State Farm filed a motion for partial summary judgment, requesting the district court to interpret the policies and determine whether "Each Person" referred to the number of persons injured in an accident (State Farm's interpretation) or whether *each* of the Eubanks was entitled to recover the aggregate amount specified (the Eubanks' interpretation). The Eubanks moved for a partial summary judgment on the same issue, as well as a determination of whether State Farm would be allowed to offset the $10,000 payment received from Employers Mutual. Both parties agreed that the issue was solely one of contract interpretation, that there did not exist any genuine dispute as to material issues of fact, and thus, that the court should decide the issue as a matter of law.

1. Under Mississippi law, Hudson is considered an uninsured motorist because his liability coverage was less than the total uninsured motor vehicle coverages held by the appellants. Miss. Code Ann. § 83–11–103(c)(iii) (Supp.1985).

The district court found State Farm's interpretation of the policies to be correct and granted State Farm's motion for summary judgment. In its opinion the court noted that acceptance of the Eubanks' interpretation "would result in the amount of liability under a policy depending in large part on the number of statutory beneficiaries an insured might have. An insured with a large family would have more coverage than an insured with an identical policy but a small family." In addition, the district court denied the Eubanks' motion for summary judgment, holding that the clear language of the insurance policies provides for offsetting recoveries received from third parties. Final judgment was entered for State Farm, 620 F.Supp. 17, and the Eubanks filed a timely notice of appeal.

## II.

On appeal, the Eubanks reassert that the insurance policies, properly interpreted, entitled each of them to recover his or her separate damages up to the aggregate "Each Person" limits of uninsured motorist coverage, subject only to the overall maximum per accident limit of $90,000. In addition, they contend that *Pearthree v. Hartford Accident and Indemnity Co.*, 373 So.2d 267 (Miss.1979), and *United States Fidelity and Guaranty Co. v. Pearthree*, 389 So.2d 109 (Miss.1980), are controlling authorities in this case and that the district court erred in not so finding. The Eubanks do not appeal the district court's grant of summary judgment for State Farm on the set-off issue.

## III.

Both parties agree that since this court obtains jurisdiction over this action through diversity jurisdiction, Mississippi law governs this case. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1939). In *State Farm Mutual Automobile Insurance Co. v. Acosta*, 479 So.2d 1089 (Miss.1985), *reh'g denied*, the Mississippi Supreme Court found that the language used in State Farm's uninsured motorist clauses means that "Each Person" refers to each person injured, not each person entitled to recover damages. Thus, the Mississippi Court reached the same conclusion as the district court had earlier reached. As we are bound by this state court determination, we affirm.

In *Acosta*, Donna Acosta was injured in an automobile accident proximately caused by the negligence of an uninsured motorist. Donna was insured under two separate policies issued by State Farm to Betty Acosta, Donna's mother. The policies provided for $10,000 "Each Person" limits and $20,000 "Each Accident" limits. State Farm considered its liability extinguished once it paid $10,000 to Donna Acosta, an additional $10,000 to an injured passenger, and $5,000 in medical reimbursement. Thus the first policy's "Each Accident" limit of $20,000 was reached. An additional $10,000 was paid to Donna as an injured party under the second policy. Betty Acosta contended that as an insured under the second policy, she was entitled to be paid $15,000; $5,000 in medical payments and $10,000 under the second policy's uninsured motorist coverage. State Farm disagreed.

At trial, the court found that Betty Acosta could not recover under the first contract because the $20,000 liability limit had been reached ($10,000 to Donna; $10,000 to the injured passenger). The court found, however, that Betty Acosta could recover $15,000 under the second policy ($5,000 medical; $10,000 uninsured motorist), as State Farm had paid out only $10,000 to Donna under this policy.

The Mississippi Supreme Court reversed, finding that "State Farm's liability ... for bodily injury sustained by any one person is $10,000.00 per policy. If two or more persons suffer bodily injury, the per occurrence clause would be the $20,000 limit per policy. *Unless there are at least two claimants, under the policy, who have sustained bodily injury, the $20,000 limit does not have application,*" 479 So.2d at 1091 (emphasis added).

Applying this holding to the instant case, we find that the total recovery available to the Eubanks is the $45,000 available under

the "Each Person" clause, not $45,000 for each appellant, as the Eubanks contend. Only one person, Larry Eubanks, Jr., suffered any bodily injury as a result of the automobile accident. Thus, the policy only authorizes recovery for one person under the "Each Person" clause, not for every statutory next-of-kin.

We understand the Eubanks' vigorous assertions that *Pearthree v. Hartford Accident and Indemnity Co.*, 373 So.2d 267 (Miss.1979), and *United States Fidelity and Guaranty Co. v. Pearthree*, 389 So.2d 109 (Miss.1980), control the instant case. In these cases, the Mississippi Supreme Court, interpreting almost identical policy terms, held that any person entitled to maintain a wrongful death action under Miss.Code Ann. § 11–7–13 (1972), was himself an "insured" under the policy. The court then equated the policy term "each person," with the term "insured," holding each person insured was entitled to recover damages within policy limits. If we applied the *Pearthree* holding to the facts of this case, each of the Eubanks, because they can each maintain a wrongful death action, is an insured and hence would be able to recover within policy limits.

Retreating somewhat from this expansive holding, however, in *Acosta* the court explicitly held, without referring to *Pearthree*, that the term "each person" refers only to each insured person *who suffers bodily injury*. Although the holding of *Acosta* presents a conflict with the earlier *Pearthree* decisions, we can only assume that the Mississippi Supreme Court was aware of its earlier holdings and implicitly limited *Pearthree* as precedent.[2] It would be inappropriate for us, as a court sitting in diversity, to attempt to decide the conflicts presented in these cases. Since the facts in the instant case are identical to the facts presented in *Acosta*, and because *Acosta*

represents the Mississippi court's latest effort in interpreting these types of policy, we find that we are bound to follow the *Acosta* holding.

### IV.

Because applicable Mississippi law requires this court to accept State Farm's interpretation of the insurance policies, the judgment of the district court is

AFFIRMED.

---

2. The only distinction we can find between these cases is that in *Pearthree*, the injured party died as a result of the accident, whereas in *Acosta*, Donna's injuries were not fatal. Thus, in *Pearthree*, the insured gained her standing to sue under the Mississippi Wrongful Death Statute, whereas in *Acosta*, the mother obtained her standing under the express terms of the insurance policy as an insured. We find this distinction to be without relevance because the terms of the insurance policies do not provide that the limits of liability can be raised solely because the injury results in death.