**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 92-7443
Summary Calendar

_____

VALLEY CONSTRUCTION COMPANY,

Plaintiff-Appellant,

VERSUS

JOHN MARSH, Secretary of the
Army of the Unites States, ET AL.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
(EC91-33-S-D)
_____
(January 14, 1993)

Before JOLLY, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

Valley Construction Co. appeals the district court's grant of summary judgment in favor of the United States Army Corps of Engineers. Finding that no genuine issue of material fact exists, and that the Corps is entitled to judgment as a matter of law, we affirm.

FACTS

Valley Construction Co. (Appellant) bids competitively on

---

[1]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

military and civil construction projects procured by the U.S. Army Corps of Engineers (Appellee) and other U.S. agencies. Appellant is a small business concern within the meaning of 15 U.S.C. § 632,[2] but is not a socially and economically disadvantaged small business concern as defined in 15 U.S.C. § 637(a).[3]  These disadvantaged small business concerns are known as "8(a)" contractors, and may bid on contracts that are exclusively designated for the Small Business Administration's 8(a) Program.[4]

Appellee sought to open bidding on a contract to build the Dewayne Hayes/Stinson Creek Project (the contract), a recreation park to be built in Mississippi.  Appellee offered the contract to the SBA and, after considering the factors enumerated in the Federal Acquisition Regulations, 48 C.F.R. § 19.804-1,[5] Appellee

---

[2]15 U.S.C. § 632(a) states in part "[f]or the purposes of this chapter, a small business concern, . . . shall be deemed to be one which is independently owned and operated and which is not dominant in its field of operation."

[3]   15 U.S.C. § 637(a)(5) states "[s]ocially disadvantaged individuals are those who have been subjected to racial or ethnic prejudice or cultural bias because of their identity as a member of a group without regard to their individual qualities."

15 U.S.C. § 637(a)(6)(A) states in part "[e]conomically disadvantaged individuals are those socially disadvantaged individuals whose ability to compete in the free enterprise system has been impaired due to diminished capital and credit opportunities as compared to others in the same business area who are not socially disadvantaged."

[4]48 C.F.R. Subpart 19.8 sets forth the Federal Acquisition Regulations for contracting with the Small Business Administration (the 8(a) Program).

[5]48 C.F.R. § 19.804-1 provides:
        In determining the extent to which a requirement

2

designated the contract for exclusive bidding by 8(a) contractors.

Appellant, desiring to bid on the contract, sued alleging that the Corps failed to conduct a required proportional impact analysis to determine any possible effect exclusion would have on small business non-8(a) contractors, such as Appellant. Appellant argued that this failure caused Appellee to designate the contract for 8(a) contractors in an arbitrary and capricious manner. Appellant sought and was granted a temporary restraining order to prevent Appellee from awarding the contract. Appellant then sought a preliminary injunction, which was denied. Thereafter both parties requested summary judgment, and the district court ruled in favor of Appellee. Appellant appeals this ruling.

<u>DISCUSSION</u>

---

should be offered in support of the 8(a) Program, the agency should evaluate-
    (a) Its current and future plans to acquire the specific items or work that 8(a) contractors are seeking to provide, identified in terms of-
    (1) Quantities required or the number of construction projects planned; and
    (2) Performance or delivery requirements, including required monthly production rates, when applicable.
    (b) Its current and future plans to acquire items or work similar in nature and complexity to that specified in the business plan;
    (c) Problems encountered in previous acquisitions of the items or work from the 8(a) contractors and/or other contractors;
    (d) The impact of any delay in delivery;
    (e) Whether the items or work have previously been acquired using small business set-asides; and
    (f) Any other pertinent information . . . .

## Standard of Review

Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing the summary judgment, we apply the same standard of review as did the district court. Waltman v. International Paper Co., 875 F.2d 468, 474 (5th Cir. 1989); Moore v. Mississippi Valley State Univ., 871 F.2d 545, 548 (5th Cir. 1989). We must "review the facts drawing all inferences most favorable to the party opposing the motion." Reid v. State Farm Mut. Auto. Ins. Co., 784 F.2d 577, 578 (5th Cir. 1986). If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); see Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc).

## Impact Analysis Requirement

No impact analysis was conducted for this contract. Appellant argues that 48 C.F.R. § 19.804-1(2)(e) requires Appellee to conduct an impact analysis prior to offering the contract into the SBA's 8(a) Program.[6] Appellee responds that § 19.804-1(2)(e) only requires Appellee to consider whether the work being set aside for the 8(a) Program has "previously been acquired using small business

---

[6]Appellant relies upon Fordice Construction Co. v. Marsh, Civil Action No. W81-0028(W) (S.D. Miss. Mar. 14, 1990), an unpublished decision. Not only is Fordice factually distinguishable from this case, but it is non-binding on this court. We are not persuaded to follow the reasoning in Fordice.

4

set-asides."  Appellee has interpreted this regulation to require impact analysis only when a contract previously available to all small businesses is redesignated as an exclusive 8(a) contract, thereby causing a non-8(a) small business to lose the contract; such analysis does not apply to new, non-recurring construction contracts because "a business cannot be historically dependent on a contract that it has never in fact obtained or performed."

It is well settled that we must respect Appellee's interpretation of § 19.804-1(2)(e) if it is reasonable, even if we may have interpreted the regulation differently. Kinnet Dairies, Inc. v. Farrow, 580 F.2d 1260, 1270 (5th Cir. 1978) (quoting Udall v. Tallman, 380 U.S. 1, 4 (1965)).  Appellee's interpretation of the regulation to require impact analysis only when recurring contracts are redesignated as exclusively available to 8(a) contractors is well-reasoned.  Furthermore, it is consistent with the plain meaning of the regulation, which states that Appellee should consider whether "the items or work have previously been acquired using small business set-asides."  48 C.F.R. § 19.804-1(2)(e).  The district court properly granted summary judgment in favor of Appellee.

Finding that Appellee is entitled to judgment as a matter of law, we AFFIRM the district court's grant of summary judgment.