**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 99-30486
Summary Calendar

SAMUEL O'NEAL ROCHON,

Plaintiff-Appellant,

versus

EXXON CORPORATION,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
(97-CV-2446)

November 22, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Samuel O'Neal Rochon ("Rochon") appeals the district court's summary judgment grant in

favor of Exxon Corporation ("Exxon") which terminated Rochon, a black employee after an admitted

work-rule violation, unauthorized possession of company property. Rochon contends his termination

was a result of racial discrimination in violation of Title VII of the Civil Rights Act of 1991,

particularly 42 U.S.C. § 2000 and 42 U.S.C. § 1981. For the following reasons, we affirm the district

court's ruling.

FACTS

On the morning of June 4, 1996, after working a seven day shift as a senior mechanic on an

offshore platform known as High Island 193, Rochon packed his duffle bag for his return trip home.

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

In his duffle bag, he included various and sundry items of company property like masking tape, duct tape, two cans of spray paint and other comparatively valueless items. He was transported by helicopter with two of his supervisors. Upon arrival at the heliport, Rochon was asked for consent to search his bag, which he gave. The search recovered the items, and Rochon acknowledged that some of the items belonged to Exxon. He stated that some of the other items, an electrical outlet plug, an air conditioning insulation strip, a TV cable belonged to his son. In May of 1993, Exxon had specifically advised its employees that it was very concerned about increased business ethics violations, and that discipline up to termination was possible for such incidents. Following a series of contacts Exxon's operation supervisor made, Rochon was terminated June 20, 1996 due to his unauthorized removal of company property and credibility concerns regarding his offered explanations.

On April 8, 1997, Rochon filed an EEOC charge against Exxon for race discrimination. He argued that he was aware of white employees of Exxon who committed the same or similar offenses who were not similarly discharged. Subsequently he filed this lawsuit alleging that his termination was due to race discrimination in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981. Exxon filed a motion for Summary Judgment. On April 20, 1999 the district court issued its memorandum ruling dismissing Rochon's claims by granting Exxon's motion, finding that Rochon failed to state a prima facie case of discrimination. Rochon then filed notice of appeal to this court.

DISCUSSION

We review a district's court's grant of summary judgment *de novo*. Like the district court, we must apply the standards under Rule 56 of the Federal Rules of Civil Procedure. See *Waltman v. International Paper Co*., 875 F.2d 468, 474 (5th Cir. 1989); *Barry v. Armstrong Rubber Co*., 989 F.2d 822, 824 (5th Cir.1993), cert. denied, 114 S.Ct 1067 (1994). The primary inquiry becomes whether there is any genuine issue of material fact. We must consider factual questions with

deference to the nonmovant. *Reid v. State Farm Mutual Automobile Insurance Co.*, 784 F.2d 577, 578 (5th Cir.1986).

Rochon's discrimination claims are brought under Title VII, 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 1981, where the same legal analysis is used to determine if summary judgment is warranted for race based employment discrimination claims. *Patterson v. McLean Credit Union*, 491 U.S. 164, 186 (1989); *LaPierre v. Benson Nissan, Inc.*, 86 F.3d 444, 447 (5th Cir. 1996).

A plaintiff must prove a prima facie case of discrimination by showing that the defendant made an employment decision that was motivated by a protected factor. If established, the plaintiff's prima facie case raises an inference of intentional discrimination. See *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1089 (5th Cir. 1995)(discussing burden shifting analysis set forth in *McDonnel Douglass Corp., v. Green*, 411 U.S. 792, 802 (1973)). The burden of production then shifts to the defendant to articulate a legitimate nondiscriminatory reason for the challenged employment action. *Id.* If the defendant comes forward with a reason which, if believed would support a finding that the challenged action was nondiscriminatory, the inference raised by the plaintiff's prima facie case drops. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993). The focus then shifts to the ultimate question of whether the defendant intentionally discriminated against the plaintiff. *Id.*

In work-rule violation cases, a plaintiff may establish a prima facie case by showing "either he did not violate the rule or that, if he did, white employees who engaged in similar acts were not punished similarly." *Mayberry*, 55 F.3d at 1090. Since Rochon admits that he violated a work-rule, to establish a prima facie case he must show that white employees were treated differently under circumstances "nearly identical" to his. *Id.*

As previously noted, in 1993 Exxon warned employees that any ethics violations would be treated seriously. Since that time, two incidents have occurred where employees were found in possession of company property. One employee was white, one was Rochon, and both were terminated. (Record, affidavit of F. Ortyl, pg 9.) Rochon claims that four white employees received different discipline for similar violations, however three of those occurred prior to 1992 and Exxon's

3

ethics violation announcement. One concerned a white female employee. Rochon fails to meet his burden and factually substantiate that these individuals committed similar infractions and received less severe treatment than termination. Rochon's discovery responses neither hurt nor help since it is unlikely that a corporation would inform an employee that he was being terminated because of his race. Nevertheless, satisfying the summary judgment burden requires a factual showing that there is indeed a factual dispute. Rochon did not present the evidence to satisfy this burden. As a result the district court properly held that Rochon's unsubstantiated assertions were insufficient to state a prima facie case.

Next, the district court held that even if Rochon had stated a prima facie case, his claims should be dismissed because Exxon articulated a legitimate nondiscriminatory reason for his termination. Violation of a work-rule is a legitimate, nondiscriminatory reason for termination. *Simeon v. Chemical Waste Management, Inc.*, 174 F.3d 199 (5th Cir. 1999). Notwithstanding Rochon's argument that Exxon overreacted in terminating him, the issue here refocused is whether the termination was made with discriminatory motive, not whether Exxon's decision was poor. See *Mayberry*, 55 F.3d at 1091. Even if Rochon had established a prima facie case of discrimination, his claims should be dismissed because Exxon articulated a legitimate, nonpretextual reason for Rochon's termination.

CONCLUSION

The district court correctly found that Rochon failed to meet his burden of stating a prima facie case of discrimination. As such, the district court properly dismissed his claims in all respects. For the foregoing reasons, we AFFIRM summary judgment granted in favor of Exxon Corporation.

4