Carlos QUEZADA, Plaintiff,

v.

**EARNHARDT EL PASO MOTORS, LP, et al., Defendants.**

No. EP–08–CV–43–PRM.

United States District Court, W.D. Texas, El Paso Division.

Jan. 8, 2009.

Soraya Yanar Hanshew, Texas Riogrande Legal Aid, El Paso, TX, for Plaintiff.

Michael D. McQueen, Kemp Smith LLP, El Paso, TX, for Defendants.

## *MEMORANDUM OPINION DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT*

PHILIP R. MARTINEZ, District Judge.

On this day, the Court considered Defendants Earnhardt El Paso Motors, LP et al.'s ("Defendants") "Motion for Summary Judgment" ("Motion"), filed on October 29, 2008; Carlos Quezada's ("Plaintiff") "Opposition to Defendants' Motion for Summary Judgment" ("Response"), filed on November 14, 2008; Defendants' "Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment" ("Reply"), filed on December 2, 2008; Plaintiff's "Amended Motion for Denial or Continuance of Defendants' Summary Judgement [sic] under FRCP 56(f)," filed on November 12, 2008; Defendants' "Response and Opposition to Plaintiff's Amended Motion for Denial or Continuance of Defendants' Summary Judgment Under FRCP 56(f)," filed on November 26, 2008; Plaintiff's "Corrected Objections to Evidence and Motion to Strike Defendants' Evidence in their Motion for Summary Judgment," filed on November 14, 2008; Defendants'

"Motion to Strike Evidence in Plaintiff's Opposition to Defendants' Motion for Summary Judgment," filed on December 1, 2008; Plaintiff's "Motion to Strike Defendants' Motion to Strike Evidence in Plaintiff's Opposition to Defendants' Motion for Summary Judgement [sic], or in the alternative, Plaintiff's Opposition to the Same," filed on December 5, 2008; and Plaintiff's "Motion to Strike Defendants' Response to Plaintiff's Amended Motion for Denial or Continuance of Defendants' Summary Judgment under FRCP 56(f), or in the alternative, Plaintiff's Opposition to the Same," filed on December 5, 2008, in the above-captioned cause. After due consideration, the Court is of the opinion that Defendants' "Motion for Summary Judgment" should be denied.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 1993, Mack Massey BMW and Mazda of El Paso ("Mack Massey") hired Plaintiff to serve as an automotive mechanic in its service department.[2] Resp. 3. Plaintiff served in that capacity until 2001, at which time he requested a transfer to the parts department "in order to have a steady income, versus an income based commission." *Id.* After transferring to the parts department, Plaintiff worked in shipping, receiving, and as a counter salesman, a position to which he later received a formal assignment. *Id.* In January 2005, Defendants purchased Mack Massey along with its other entities. *Id.* at 4. Plaintiff, age sixty at the time, "continued in his position as a counter salesman in the parts department" as an employee for Defendants. *Id.*

During Plaintiff's employment with Defendants, Greg Tyner ("Tyner") served as his supervisor.[3] *Id.* On February 7, 2006, Tyner informed the members of its parts department that because Defendants were attempting to grow as a company, all employees "needed to meet management's expectations and, that if they did not hustle and were not aggressive enough, they would be laid off." *Id.*

On February 15, 2006, Defendants claim that Tyner and Jason Christensen ("Christensen"), Defendants' Director of Parts and Services, terminated Plaintiff's employment.[4] *Id.* at 4. Christensen claims

---

1. In his "Amended Motion for Denial or Continuance of Defendants' Summary Judgment Under FRCP 56(f)" (Docket No. 51), Plaintiff requests that the Court deny or continue Defendants' "Motion for Summary Judgment" until he receives a ruling on his "Motion to Compel." Because the Magistrate Judge has denied Plaintiff's "Motion to Compel" (Docket No. 85), and because the Court is denying Defendants' "Motion for Summary Judgment" (Docket No. 34), the Court denies Plaintiff's Motion as moot.

 In their "Motion to Strike Evidence in Plaintiff's Opposition to Defendants' Motion for Summary Judgment" (Docket No. 67), Defendants request that the Court strike certain statements from the affidavits of Arturo Vargas, Jose Baeza, and Plaintiff. Because the Court finds that the portions of the affidavits that Defendants request it strike from the record are immaterial to the disposition of this Order, it denies their Motion as moot.

Additionally, the Court also denies Plaintiff's "Motion to Strike Defendants' Motion to Strike Evidence in Plaintiffs' Opposition to Defendants' Motion for Summary Judgement [sic], or in the alternative, Plaintiff's Opposition to the Same" (Docket No. 73) and his "Motion to Strike Defendants' Response to Plaintiff's Amended Motion for Denial or Continuance of Defendants' Summary Judgment Under FRCP 56(f), or in the alternative, Plaintiff's Opposition to the Same" (Docket No. 74) as moot.

2. Plaintiff began his career in the automotive industry in 1977. Resp. 3.

3. Tyner, who no longer works for Defendants, resides in Canada "and has not been available to discuss this case." Mot. 8.

4. Defendants' Motion states that Defendants fired Plaintiff on February 5, 2006. However,

that he does not recall the specific incident that led to Plaintiff's termination, but that Plaintiff "had done something" that prevented him from performing at the level required for the parts department. *Id.*

After Defendants terminated Plaintiff, he returned to their dealership on February 20, 2006, to receive his final paycheck.[5] *Id.* Plaintiff also completed his exit interview paperwork at that time. *Id.* On his exit interview form, Plaintiff did not indicate that he felt anyone had discriminated against him. *Id.* To the contrary, Plaintiff indicated that he enjoyed his performance evaluation and that he would recommend Defendants to a friend "as a good place to work." *Id.*

Plaintiff, however, claims that he did not realize that Defendants had discriminated against him until he went to their dealership to purchase a part for his car and noticed that Defendants had replaced him with a younger employee. *Id.* at 8–9. Additionally, upon returning to Defendants' dealership, Plaintiff discovered that Defendants had also replaced his co-worker, who had been the oldest employee in the parts department, with a younger employee.

On February 11, 2008, Plaintiff brought a claim against Defendants for violating the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, *et. seq.* Pl.'s Orig. Compl. ¶ 6. Defendants now move the Court to grant their "Motion for Summary Judgment."

## II. LEGAL ANALYSIS

### A. Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). A genuine issue of material fact exists only if there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In a motion for summary judgment, "[t]he moving party bears the initial burden of showing that there is no genuine issue for trial; it may do so by 'point[ing] out the absence of evidence supporting the nonmoving party's case.'" *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd.,* 40 F.3d 698, 712 (5th Cir.1994) (quoting *Latimer v. Smithkline & French Laboratories,* 919 F.2d 301, 303 (5th Cir.1990)). If the moving party has satisfied its initial burden, the non-movant must then come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citing Rule 56(e)).

When a moving party requests that a court grant its motion for summary judgment, a court "will review the facts draw-

---

on October 31, 2008, Defendants filed an "Errata to Defendants' Motion for Summary Judgement." Therein, Defendants acknowledged that the February 5, 2006, date was a typographical error, and amended the date of Plaintiff's firing to February 15, 2006.

**5.** In their Motion, Defendants state that Plaintiff retrieved his final paycheck on February 20, 2008. Mot. 4. However, the year 2008

appears to be a typographical error. When Defense counsel asked Plaintiff when he returned to the dealership following his termination on February 15, 2006, Plaintiff responded "on the 20th." Pl.'s Dep. at p. 100, ll. 18–20. The Court thus concludes that Plaintiff was referencing February 20, 2006, and not February 20, 2008.

920

ing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986). While a court will resolve factual controversies or disputes in the non-movant's favor, it must do so "only when there is an *actual* controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc) (emphasis added). A court should not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Id.* (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)).

### B. ADEA Claim

■ The ADEA prohibits employers from failing or refusing "to hire or discharge any individual or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). When reviewing an ADEA claim, the Fifth Circuit has "traditionally bifurcated ADEA cases into distinct groups: those in which the plaintiff relies upon direct evidence to establish his case of age discrimination, and those in which the plaintiff relies upon purely circumstantial evidence." *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir.2005).

#### 1. ADEA Claim where a Plaintiff Produces Direct Evidence

■ When a plaintiff brings an ADEA claim and produces direct evidence of age discrimination, his claim "may proceed under the 'mixed-motive' analysis set forth in *Price Waterhouse v. Hopkins*." *Id.* (citing *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989)). "The mixed-motive analysis re-

quires only that a plaintiff produce direct evidence that 'discriminatory animus played a role in the decision at issue,' after which the 'burden of persuasion shifts to the defendant, who must prove that it would have taken the same action regardless of discriminatory animus.'" *Id.* (quoting *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 (5th Cir.2002)).

#### 2. ADEA Claim where a Plaintiff Produces Circumstantial Evidence

■ When a plaintiff brings an ADEA claim producing only circumstantial evidence, he "must negotiate the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*." *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). Under this analysis, a plaintiff must establish a prima facie case of age discrimination by showing that:

(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of the discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age.

*Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 309 (5th Cir.2004) (quoting *Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 576 (5th Cir.2003)).

■ "Once the plaintiff establishes a prima facie case, the burden of production shifts to the defendant to proffer a legitimate nondiscriminatory reason for its employment action." *Machinchick*, 398 F.3d at 350. If the defendant can meet its burden of offering a legitimate nondiscriminatory reason for its employment action, the plaintiff's presumption of discrimination created by his prima facie case disappears, "and the plaintiff must meet its

ultimate burden of persuasion on the issue of intentional discrimination." *Id.* A plaintiff can meet his burden "by producing evidence tending to show that the reason offered by the defendant is pretext for discrimination." *Id.*

### 3. Modified McDonnell Douglas Approach

 In *Rachid,* the Fifth Circuit merged the ADEA analysis used in *McDonnell Douglas* and the analysis used in *Price Waterhouse,* labeling it an "integrated" or "modified *McDonnell Douglas* approach." 376 F.3d. at 312. Under this approach, "direct evidence of discrimination is not necessary in order for a plaintiff to receive a mixed-motive analysis for an ADEA claim." *Machinchick,* 398 F.3d at 352. Instead, a plaintiff may simply use circumstantial evidence under this analysis. *Id.* For a plaintiff to bring his claim using this approach, he:

> must still demonstrate a prima facie case of discrimination; the defendant then must articulate a legitimate, nondiscriminatory reason for its reason to terminate the plaintiff; and, if the defendant meets its burden of production, the plaintiff must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic (mixed-motive alternative). If a plaintiff demonstrates that age was a motivating factor in the employment decision, it then falls to the defendant to

prove that the same adverse employment decision would have been made regardless of discriminatory animus. If the employer fails to carry this burden, plaintiff prevails.

*Id.* (citing *Rachid,* 376 F.3d at 312). Thus, to survive a summary judgment motion on an ADEA claim under this approach, a plaintiff (1) "may offer evidence showing that the defendant's proffered nondiscriminatory reasons are false; or (2) the plaintiff may offer evidence showing that his age was a motivating factor for the defendant's adverse employment decision." *Id.*

In the present action, Plaintiff has offered circumstantial evidence regarding his claim that Defendants fired him in violation of the ADEA. Therefore, the Court will determine whether his claim survives summary judgment using the modified *McDonnell Douglas* approach.

### III. ANALYSIS

#### A. Defendants Concede that Plaintiff has Established a Prima Facie Case for Discrimination

For the purpose of their Motion, Defendants concede that "[Plaintiff] can make a prima facie case under the [ADEA because he] is admittedly within the protected age group, his employment was terminated, and he was replaced with a younger individual." [6] Mot. 7. Because Defendants have made this concession, the Court will now determine whether Defendants have articulated a nondiscriminatory reason for terminating Plaintiff's employment. *Machinchick,* 398 F.3d at 352.

---

6. Defendants do not address the second prong of the prima facie test, which is whether the Plaintiff qualifies for the position. Because Defendants do not contest the fact that Plaintiff qualified for the position of counter sales-

man and agree that he met his burden of establishing a prima facie case of discrimination, the Court will treat Plaintiff as having met the second prong.

*B. Defendants have Failed to Articulate a Nondiscriminatory Reason for Terminating Plaintiff*

 In their Motion, Defendants point to several alleged incidents involving Plaintiff as legitimate reasons for their decision to terminate his employment. Defendants begin by alleging that during the time Tyner supervised Plaintiff, he had to meet with Plaintiff twice regarding his "poor work performance." Mot. 3. The meetings allegedly took place on November 17, 2005, and again on January 5, 2006. *Id.* Defendants also claim that Plaintiff's "coworkers noticed his poor attitude and performance problems." *Id.*

Defendants next allege that on January 6, 2006, Plaintiff met with Tyner to receive an employment evaluation. *Id.* During that evaluation, Defendants claim that when Tyner asked Plaintiff about his weaknesses, Plaintiff responded that he "was slow at times," conceded that he had trouble with thoroughness and organizational skills, and that he needed to "manage tasks more effectively." *Id.*

While Defendants claim that these alleged events played a role in the termination of Plaintiff, as previously noted, they also allege that there was a final determinative incident which led them to believe that Plaintiff could no longer perform as a counter salesman. *Id.* at 4. However, Defendants cannot recall anything about this alleged incident. *Id.* Still, Defendants state that "when whatever it was occurred, Tyler consulted with Christensen and they decided that [Plaintiff's] performance was not what was needed in the Parts Department ... [and that] Tyner and Christensen determined that his employment should be terminated." *Id.*

Although Defendants claim that they considered several factors in making their decision to terminate Plaintiff, it appears that the alleged unknown incident was the determinative factor. And while Defendants state "that the later, unspecified event was merely the straw that broke the camel's back," Reply 5, the fact remains that they are unable to inform the Court of what exactly that "straw" was. Given Defendants' inability to describe the incident which allegedly convinced them of the need to terminate Plaintiff, the Court declines their apparent suggestion that the totality of the circumstances involving Plaintiff's employment record satisfies their legal burden of setting forth a nondiscriminatory reason for terminating his employment.

 When the burden falls upon a defendant to put forth a nondiscriminatory reason for terminating a plaintiff in an ADEA claim, it is axiomatic that the defendant at least be able to describe said reason. However, in the present action, Defendants admittedly cannot remember the reason. Therefore, the Court finds that Defendants have failed to articulate a nondiscriminatory reason for terminating Plaintiff's employment.

*C. Plaintiff could still raise a Genuine Issue of Fact*

 However, even assuming, *arguendo,* that the Court accepted the other alleged incidents given by Defendants as nondiscriminatory reasons for terminating Plaintiff's employment, the Court still finds that Plaintiff offers sufficient evidence to create a genuine issue of material fact as to whether Defendants' reasons are true.

*1. Performance Counseling on November 17, 2005, and January 5, 2006*

As previously noted, Defendants allege that Tyner twice counseled Plaintiff regarding his work performance, once on

November 17, 2005, and then again on January 5, 2006. Mot. 3. Defendants have provided these two incidents as support for their decision to terminate Plaintiff. Plaintiff does not dispute the November 17, 2005, counseling he received for ordering the wrong steering wheel for a BMW.[7]

However, regarding the counseling session that allegedly took place on January 5, 2006, there is a question as to whether it actually occurred. Although Defendants offer a report signed by Tyner indicating that an oral counseling session took place with Plaintiff on January 5, 2006, Plaintiff claims that "he never signed, viewed, or received [this] counseling report[ ] during the course of his employment with Defendants." Resp. 6–7. Plaintiff further states that he never even participated in the counseling session that allegedly took place on January 5, 2006. Pl's Dep. at p. 95, ll. 2–7.

■ Whether Plaintiff participated in the alleged counseling session on January 5, 2006, is relevant to this action because Defendants admit that they counsel and write-up an employee twice before they consider termination. *See* Bruce Benson Dep. at p. 33, ll. 16–22 (when asked how many chances an employee receives before termination, Benson stated "[w]ell, what we like to see happen is they are counseled and written up twice"). And as Plaintiff correctly notes, an inference of pretext arises when an employer fails to follow its own internal company policy. *See Machinchick*, 398 F.3d at 355 n. 29 ("Although [Defendant] correctly notes that its policy is not mandatory, and that [Plaintiff] was an at-will employee, these facts do not eliminate the inference of pretext raised by its failure to follow an internal company policy specifically stating that it should be 'followed in most circumstances.' ").

In the instant action, Defendants state that they like to provide an employee with two counseling sessions and two write-ups before termination becomes a consideration. While there is no question that Plaintiff received a counseling session and a write-up on November 17, 2005, there is a question as to whether Defendants counseled him on January 5, 2006. If, as Plaintiff argues, the counseling session did not take place, then Defendants were in violation of their own company policy by looking to that alleged incident as a reason for Plaintiff's termination. This, in turn, could raise an inference of pretext because Defendants point to these counseling sessions as reasons for Plaintiff's termination. Therefore, the Court finds that Plaintiff has raised a genuine issue of material fact regarding whether he participated in the alleged counseling session on January 5, 2006.

### 2. Plaintiff's Employment Evaluation

The parties also dispute the nature of Plaintiff's employment evaluation. Defendants claim that Plaintiff received a poor employment evaluation during his meeting with Tyner. Mot. 3. However, Plaintiff states that the evaluation was collaborative, where he and Tyner discussed his strengths and weaknesses. Resp. 8.

Because the parties' respective description of what occurred during Plaintiff's evaluation is in dispute, the Court similarly finds that Plaintiff has raised a genuine issue of material fact regarding this issue.

## IV. CONCLUSION

Plaintiff has established a prima facie case for discrimination in this action. However, Defendants are unable to inform the Court of the specific incident that led

---

7. The Court notes this even though the report stated that Defendants should not take any

further action against Plaintiff for that incident. Resp. 15.

to their decision to terminate Plaintiff's employment, and thus have failed to articulate a nondiscriminatory reason for his termination. Additionally, even if the Court disregarded the fact that Defendants cannot articulate a nondiscriminatory reason for terminating Plaintiff, and instead accepts the other reasons they offered, the Court still finds that Plaintiff has raised a genuine issue of fact regarding whether those reasons are true.[8] Therefore, the Court is of the opinion that Defendants' "Motion for Summary Judgment" should be denied.

Accordingly, **IT IS ORDERED** that Defendants' "Motion for Summary Judgment" (Docket No. 34) is **DENIED.**[9]

**IT IS FURTHER ORDERED** that Plaintiff's "Amended Motion for Denial or Continuance of Defendants' Summary Judgement [sic] Under FRCP 56(f)" (Docket No. 51) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Defendants' "Motion to Strike Evidence in Plaintiff's Opposition to Defendants' Motion for Summary Judgment" (Docket No. 67) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Strike Defendants' Motion to Strike Evidence in Plaintiff's Opposition to Defendants' Motion for Summary Judgement [sic], or in the Alternative, Plaintiff's Opposition to the Same" (Docket No. 73) is **DENIED AS MOOT.**

**IT IS FINALLY ORDERED** that Plaintiff's "Motion to Strike Defendants' Response to Plaintiff's Amended Motion for Denial or Continuance of Defendants' Summary Judgment Under FRCP 56(f), or in the Alternative, Plaintiff's Opposition to the Same" (Docket No. 74) is **DENIED AS MOOT.**

---

8. Defendants also argue that Plaintiff has failed to put forth a discriminatory reason for his termination, and therefore has failed to show that they acted with discriminatory animus. Reply 6–7. They additionally argued that "Plaintiff has presented no evidence which would permit a rational factfinder to conclude that the termination of his employment was based on age." *Id.* at 7. However, for the reasons discussed *infra,* the Court finds that a reasonable factfinder could determine that Defendants terminated Plaintiff because of his age.

9. In his Response, Plaintiff requests expenses and attorney's fees for the filing of his motions, oppositions, and attachments in this action pursuant to FED.R.CIV.P. 37. Resp. 20. Because Plaintiff has also made this request in his "Motion to Compel Discovery" (Docket No. 35), which more appropriately deals with discovery related issues, the Court declines to grant his request.