**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-10472
Summary Calendar

Kenneth E. Smith,

Plaintiff-Appellant,

VERSUS

Rockwell International Corporation,

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Texas Dallas Division
(3:93CV00331)
December 13, 1995

Before HIGGINBOTHAM, DUHÉ, AND EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Kenneth E. Smith appeals the district court's grant of summary judgment to his employer, Rockwell International Corporation (Rockwell). Smith sought relief under Title VII of the Civil Rights Act, the Texas Worker's Compensation Act, and the Americans

Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

with Disabilities Act (ADA) for his medical layoff and Rockwell's refusal to reinstate him. The district court granted summary judgment in favor of Rockwell. We affirm.

BACKGROUND

After sustaining ankle and back injuries, Smith received workers' compensation benefits in March of 1992. Shortly thereafter, Rockwell placed Smith on medical layoff, because Smith's medical restrictions prevented him from performing the essential duties of his Facilities and Maintenance II position. Smith then filed a grievance with his labor union.

In response to Smith's union grievance, Smith and Rockwell entered into an agreement governing the conditions under which Smith might be reinstated. The agreement gave Rockwell the right to send Smith to a doctor of Rockwell's choice for a work evaluation examination. If this evaluation conflicted with the evaluation of Smith's personal doctor, then Rockwell and the union would choose a doctor to perform an independent evaluation.

In November of 1992, Smith requested reinstatement into an open position. Appellant submitted a report from his personal physician stating that with some accommodations, Smith could perform the position's functions. However, Rockwell's physician concluded that it would be dangerous for Smith to perform the job. As a result of these conflicting reports, a third physician evaluated Smith and determined that he was fit to resume his normal duties. Thus, in May of 1994, Rockwell reinstated Smith.

Smith sued Rockwell, claiming that Rockwell (1) violated Title

2

VII by placing him on medical layoff because of his race; (2) violated Article 8307(c) of the Texas Worker's Compensation Act by discharging him in retaliation for his workers' compensation claim. (3) violated the ADA when Rockwell refused to reinstate Smith in his former position due to his disability.

The district court granted summary judgment in favor of Rockwell. This appeal followed.

DISCUSSION

We review a district court's grant of summary judgment *de novo*. Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The pleadings, depositions, admissions, and answers to interrogatories, together with affidavits, must demonstrate that no genuine issue of material fact remains. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). To that end we must "review the facts drawing all inferences most favorable to the party opposing the motion." Reid v. State Farm Mut. Auto. Ins. Co., 784 F.2d 577, 578 (5th Cir. 1986).

I. Retaliatory Discharge Claim

Smith argues that he was discharged in retaliation for pursuing his workers' compensation benefits. To establish a prima facie case of discrimination under Article 8307(c) of the Texas Worker's Compensation Act, an employee bears the burden of proving that his workers' compensation claim was a "determining factor" in

the discharge.[2]  <u>Burfield v. Brown, Moore & Flint, Inc</u>., 51 F.3d 583, 590 (5th Cir. 1995).  The employer may then rebut by showing a legitimate reason for the discharge.  <u>Id</u>.

Although Appellant created a fact issue as to whether his workers' compensation claim played a determinative role in his discharge, he did not rebut Rockwell's reason for his discharge. Rockwell avers that it placed Smith on medical layoff pursuant to its neutrally applied accommodation policy.  Under the policy, if permanent medical restrictions prevent an employee from performing his job duties, Rockwell does not accommodate that employee with another position.  Smith has not presented any evidence refuting the existence or neutral application of this company policy. Therefore, Rockwell is entitled to summary judgment as a matter of law.

## II.  Title VII Claim

Smith argues that Rockwell placed him on medical layoff because he is African-American, thereby violating Title VII.  To establish a violation of Title VII, the plaintiff first must prove a prima facie case by a preponderance of the evidence; once established, the prima facie case raises an inference of unlawful discrimination. <u>St. Mary's Honor Center v. Hicks</u>, 113 S. Ct. 2742, 2747 (1993); <u>Texas Dep't of Community Affairs v. Burdine</u>, 450 U.S. 248, 252-53 (1981); <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973).  The burden of production then shifts to the defendant

---

Tex. Rev. Civ. Stat. Ann. art. 8307(c) was recodified as Chapter 451 of the Texas Labor Code on September 1, 1993.

4

to proffer a legitimate, nondiscriminatory reason for the challenged employment action.  <u>Hicks</u>, 113 S. Ct. at 2747; <u>Burdine</u>, 450 U.S. at 253; <u>McDonnell Douglas</u>, 411 U.S. at 802.  If the defendant meets its burden, the presumption raised by the plaintiff's prima facie case disappears.  <u>Burdine</u>, 450 U.S. at 255 & n.10.  However, the plaintiff is then accorded the opportunity to demonstrate that the defendant's articulated rationale was merely a pretext for discrimination.  <u>Hicks</u>, 113 S. Ct. at 2748-49; <u>Burdine</u>, 450 U.S. at 253; <u>McDonnell Douglas</u>, 411 U.S. at 804-05.

Pursuant to the <u>McDonnell Douglas-Burdine</u> procedural scheme, Rockwell offered a legitimate reason for placing Smith on medical layoff:  Smith's physicians had imposed permanent medical restrictions on his activities that precluded him from performing the material duties of his position.  To discredit the employer's reason, Smith alleged that he was treated differently than injured white employees at Rockwell.  The evidence, however, indicates that Smith was not comparably situated to these employees.  Thus, because Appellant has not introduced any evidence to rebut Rockwell's nondiscriminatory reason, Rockwell is entitled to judgment as a matter of law.

## III.  ADA Claim

Smith also argues that Rockwell violated the ADA when Rockwell refused to reinstate him to his former position due to his disability.  The ADA prohibits discrimination "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring,

5

advancement or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  As a threshold requirement in an ADA action, a plaintiff must establish that he has a disability. de la Torres v. Bolger, 781 F.2d 1134, 1136 (5th Cir. 1986).

The ADA defines an individual's "disability" as:

> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
> (B) a record of such an impairment; or
> (C) being regarded as having such an impairment.

42 U.S.C. § 12112(a).  Our inquiry, therefore, is whether Appellant has a physical or mental impairment, and whether that impairment substantially limits one or more of his major life activities. Rockwell does not dispute that Smith had a physical impairment, so we turn to the second part of the inquiry.

Smith argues that his impairment substantially limits the major life activity of working.  In determining whether an impairment substantially limits an individual's employment potential, we look to "the number and type of jobs from which the individual was disqualified, the geographic area to which he has reasonable access, and the individual's employment qualifications." Chandler v. City of Dallas, 2 F.3d 1385, 1392 (5th Cir. 1993), cert. denied, 114 S. Ct. 1386 (1994).  Appellant failed to present any evidence demonstrating that his impairment significantly decreases his ability to obtain satisfactory employment.  The physicians who examined Smith restricted only his ability to lift or do heavy duty work.  Although this restriction prevented Smith

6

from performing an essential function of the Facilities and Maintenance II position, "an impairment that affects only a narrow range of jobs can be regarded either as not reaching a major life activity or as not substantially limiting one." <u>Jasany v. United States Postal Service</u>, 755 F.2d 1244, 1249 n.3 (6th Cir. 1985). Therefore, summary judgment was appropriate.

CONCLUSION

For the foregoing reasons, we affirm the district court's granting of summary judgment in favor of Rockwell.