# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 20, 2012

No. 12-10151
Summary Calendar

Lyle W. Cayce
Clerk

DEBORAH ARMANDO,

Plaintiff-Appellant

v.

AT&T MOBILITY,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:10-CV-170

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Deborah Armando brought claims under various federal employment statutes against Defendant-Appellee AT&T Mobility after AT&T Mobility fired her from her job at an AT&T call center. This appeal concerns the district court's summary judgment disposing of Armando's claims under the Employee Retirement Income Security Act of 1974 ("ERISA"). The district court held that AT&T Mobility is not a proper defendant for Armando's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10151
Summary Calendar

denial-of-benefits claim because AT&T Mobility neither sponsors nor administers its employees' benefit plan.   And the district court held that Armando's complaint did not state a claim for ERISA retaliation.  We AFFIRM.

AT&T Mobility's parent company hired Sedgwick, Inc., to administer the employee benefit plans of its various subsidiaries.  The instrument governing the plan at issue here gives Sedgwick final authority to make benefits determinations, and AT&T Mobility staff have no role in Sedgewick's formal decision making and appeals process.

With the exception of a brief period in late May and early June, Armando was absent from her job at AT&T mobility from April 17 until she was fired on September 3, 2009.  Armando requested short-term disability leave covering her absence, which Sedgwick granted through August 19, 2009.  Armando did not return to work after that date, and on August 25 AT&T Mobility sent her a letter warning of its policy requiring an employee who has exhausted leave under the Family Medical Leave Act to either return to work or secure approval for short-term disability leave covering the absence.  Armando requested an extension of her short-term disability leave on August 26, 2009, but Sedgwick denied the request.  Armando did not return to work, and AT&T Mobility fired her on September 3, 2009, citing the lack of approved short-term disability leave covering her absence since August 20, 2009.

We review a summary judgment de novo, using the same standard as the district court.  *Haggard v. Bank of Ozarks, Inc.*, 668 F.3d 196, 199 (5th Cir. 2012). Summary judgment is proper only if there is no "genuine dispute as to any material fact." FED. R. CIV. P. 56(a).  We consider evidence in the summary judgment record in the light most favorable to the party opposing the motion. *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).  We

No. 12-10151
Summary Calendar

also review de novo a dismissal for failure to state a claim. *True v. Robles,* 571 F.3d 412, 417 (5th Cir. 2009).

Armando brings her denial-of-benefits claim under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). In support of its argument that it is not a proper defendant for the denial-of-benefits claim, AT&T relies on ERISA § 502(d)(2):

> Any money judgment under this subchapter against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this subchapter.

29 U.S.C. § 1132(d)(2). In *Musmeci v. Schwegmann Giant Super Markets, Inc.*, 332 F.3d 339, 349-50 (5th Cir. 2003), we held that § 1132(d)(2) permitted an employee to bring a denial-of-benefits action against an employer who was both the plan administrator and plan sponsor, and who had "indisputably" made the benefits decision that the plaintiffs wished to contest. *Id.* at 350. "Administrator" and "Sponsor" are defined terms under ERISA. In this case, AT&T Mobility's parent, AT&T, Inc., is the plan sponsor under 29 U.S.C. § 1002(16)(B)(iii),[1] and Sedgewick is the administrator under 29 U.S.C. § 1002(16)(A)(1).[2]

---

[1] "Sponsor" means:

(i) the employer in the case of an employee benefit plan established or maintained by a single employer, (ii) the employee organization in the case of a plan established or maintained by an employee organization, or (iii) in the case of a plan established or maintained by two or more employers or jointly by one or more employers and one or more employee organizations, the association, committee, joint board of trustees, or other similar group of representatives of the parties who establish or maintain the plan.

29 U.S.C. § 1002(16)(B).

[2] "Administrator" means:

(i) the person specifically so designated by the terms of the instrument under which the plan is operated;

3

No. 12-10151
Summary Calendar

Although AT&T Mobility is neither administrator nor sponsor of the plan, Armando contends that "if evidence exists to show that the employer had some control over decisions related to claims for benefits, the employer should be able to be held accountable for a decision to deny benefits to employees." Armando relies on *Sweet v. Consolidated Aluminum Corporation*, 913 F.2d 268 (6th Cir. 1990). In *Musmeci*, we cited *Sweet* with approval for the proposition that "the plan beneficiaries can sue the employer when it was the employer's decision to deny benefits." *Musmeci*, 332 F.3d at 349 (citing *Sweet*, 913 F.2d 268).

As evidence that AT&T Mobility had control over Sedgwick's benefits determinations, Armando points to her affidavit testimony stating that as a union representative in other employees' grievance proceedings, she has witnessed AT&T Mobility managers review and reverse Sedgwick's determinations concerning employees' disability benefits. Armando contends that AT&T Mobility managers' ability to influence other employees' benefit determinations in the past entails "in turn . . . that Mobility would, likewise, have some control over the decisions involving Armando's claim for the benefits at issue in this case."

We disagree. Armando's affidavit testimony shows that Sedgewick has at times been willing to reconsider its benefits decisions in response to an informal request from an AT&T Mobility manager seeking to resolve an employee grievance proceeding. Sedgwick's occasional solicitude to such requests does not create a genuine issue of fact regarding who made the decision concerning Armando's benefits in the face of the plan instrument's giving Sedgwick control

---

(ii) if an administrator is not so designated, the plan sponsor; or

(iii) in the case for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe.

29 U.S.C. § 1002(16)(A).

4

No. 12-10151
Summary Calendar

over benefit determinations.  AT&T Mobility is therefore not a proper defendant for Armando's denial-of-benefits claim.

We next consider Armando's claim under 29 U.S.C. § 1140, which prohibits employers from retaliating for employees' exercise of their ERISA rights.  The theory of her ERISA retaliation claim, Armando explains, is that because AT&T Mobility did not want the plan to have to pay for her disability benefits as required by the plan, AT&T Mobility first engineered Sedgwick's denial of her August 26, 2009 request for an extension of short-term disability benefits, and then AT&T Mobility used the absence of short-term disability leave as a pretext to fire her.  She contends that the district court erred in finding that her complaint does not state a claim for ERISA retaliation, and she argues in the alternative that the district court should have allowed her leave to amend.  We need not address the sufficiency of Armando's complaint, because Armando's ERISA retaliation theory is premised on AT&T Mobility's having exercised control over Sedgwick's decision to deny Armando's request for more disability leave.  The record establishes as a matter of law that Sedgwick had control over that decision, so there was no reversible error in the district court's disposition of Armando's ERISA retaliation claim.

The district court's judgment is AFFIRMED.