Tracy PICOU, et al.

v.

**FEDERAL EXPRESS CORPORATION.**

No. 4:12–CV–733–Y.

United States District Court, N.D. Texas, Fort Worth Division.

Signed March 10, 2014.

---

16. R. 11.

17. *Eagle Star Ins., Co. v. Maltes,* 313 F.2d 778, 780 (5th Cir.1963) discussing *Pinel v. Pinel,* 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817 (1916).

18. R. 20.

19. R. 19.

20. R. 11.

James R. Claunch, Kirk Matthew Claunch, Claunch Law Firm, Fort Worth, TX, for Tracy Picou.

Colby S. Morgan, Jr., Robert R. Ross, Federal Express Corporation, Memphis, TN, Dawn Kahle Doherty, FedEx Office and Print Services, Inc., Dallas, TX, for Federal Express Corporation.

## *ORDER GRANTING MOTION FOR SUMMARY JUDGMENT*

TERRY R. MEANS, District Judge.

Pending before the Court is the Motion for Summary Judgment (doc. 22) filed by

defendant Federal Express Corporation ("FedEx"). After review of the motion, the related briefs, and the applicable law, the Court concludes that the motion should be and hereby is GRANTED.

### I. Facts

Plaintiffs are the beneficiaries of a life-insurance policy issued by Lincoln National Life Insurance Company ("Lincoln") on the life of Yolanda Welton, a former employee of FedEx. The life-insurance policy is a group policy issued to FedEx for the benefit of its employees. Eligible employees are automatically enrolled in the policy's basic life insurance, which provides for two and one-half times the employee's annual salary rounded to the nearest $1,000, at no cost to the employees. FedEx is the group policyholder and participating employer, but all discretionary authority under the policy is delegated to Lincoln, the plan administrator.

Basic life-insurance coverage under the policy terminates on the date an insured employee no longer works for FedEx. The policy permits an employee who has left FedEx's employ to continue coverage if the employee converts the group policy into an individual policy. Conversion is available but must occur within thirty-one days of receiving a COBRA or Retiree Health Coverage packet. Proof of insurability is not required, but the employee becomes responsible for paying all premiums.

Welton was employed with FedEx until her resignation on December 31, 2010. Welton allegedly resigned due to the increasingly deleterious effects of breast cancer. While employed, Welton was insured under FedEx's group life-insurance policy. On January 21, 2011, Welton "re-quested information regarding the conversion of her policy." (Pl.'s App. [doc. 26] 3.) Plaintiffs allege that FedEx failed to transmit this request to Lincoln until February 18. On February 24, Lincoln mailed a conversion application to Welton, requesting that the application be completed and returned by March 11. Unfortunately, by that time, Welton was too ill to complete the application or pay the required premium. She passed away on April 12, 2011. No premiums were paid to Lincoln on Welton's behalf subsequent to her resignation.

After her death, Plaintiffs attempted to recover under Welton's life-insurance policy, but Lincoln denied their claim and subsequent appeal.[1] Plaintiffs now sue FedEx, contending that FedEx was negligent in delaying its transmittal of Welton's request for information about conversion to Lincoln and that FedEx breached its fiduciary duties. Plaintiffs seek the death benefits under the policy, mental-anguish damages, and costs and interest.

### II. Summary–Judgment Standard

When the record establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," summary judgment is appropriate. Fed.R.Civ.P. 56(a). "[A dispute] is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir.2001) (citation omitted). A fact is "material" if it "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

To demonstrate that a particular fact cannot be genuinely in dispute, a defen-

---

1. Plaintiffs originally filed suit against both FedEx and Lincoln in state court, which suit was subsequently removed to this Court and dismissed for lack of prosecution on July 31, 2012. *See Tracy Picou, et al. v. Federal Express Corporation, et al.,* No. 4:12–CV–367–Y.

dant movant must (a) cite to particular parts of materials in the record (e.g., affidavits, depositions, etc.), or (b) show either that (1) the plaintiff cannot produce admissible evidence to support that particular fact, or (2) if the plaintiff has cited any materials in response, show that those materials do not establish the presence of a genuine dispute as to that fact. Fed. R.Civ.P. 56(c)(1). Although the Court is **required** to consider only the cited materials, it **may** consider other materials in the record. *See* Fed.R.Civ.P. 56(c)(3). Nevertheless, Rule 56 "does not impose on the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915–16 & n. 7 (5th Cir.), *cert. denied,* 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 59 (1992). Instead, parties should "identify specific evidence in the record, and ... articulate the 'precise manner' in which that evidence support[s] their claim." *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.1994).

In evaluating whether summary judgment is appropriate, the Court "views the evidence in the light most favorable to the nonmovant, drawing all reasonable inferences in the nonmovant's favor." *Sanders–Burns v. City of Plano,* 594 F.3d 366, 380 (5th Cir.2010) (citation omitted) (internal quotation marks omitted). "After the non-movant has been given the opportunity to raise a genuine factual [dispute], if no reasonable juror could find for the non-movant, summary judgment will be granted." *Byers v. Dallas Morning News, Inc.,* 209 F.3d 419, 424 (5th Cir.2000) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

### III. Analysis

 FedEx seeks summary judgment on the grounds that Plaintiffs' state-law-

based claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461, and that FedEx is not the proper defendant under ERISA. Plaintiffs "do[ ] not contest" that the life-insurance plan is an employee welfare-benefit plan governed by ERISA. (Pls.' Resp. Br. [doc. 25] 3.) Indeed, Plaintiffs' petition specifically seeks the death benefits they allegedly are owed under the policy. Consequently, to the extent Plaintiffs assert negligence and breach-of-fiduciary-duty claims based upon state law, the Court concludes that such claims are preempted by ERISA. *See Levine v. Transamerica Life Cos.,* No. Civ. A. 99–1875, 2001 WL 333119, \*5–6 (E.D.La. April 5, 2001) (concluding that state-law claim against an employer for "failing to process [a former employee's] conversion request" regarding her coverage under the employer's group life-insurance policy was preempted by ERISA sections 514 (conflict preemption) and 502 (complete preemption)). And any civil action for benefits due under an ERISA plan must be brought against the plan, rather than the plan sponsor. *See* 29 U.S.C. § 1132(d).

 Plaintiffs nevertheless contend that FedEx is a proper defendant because "Welton was required to submit her request for a conversion packet through her employer and not directly to the life insurance company." (Pls.' Resp. Br. [doc. 25] 4.) Plaintiffs note that " 'if evidence exists to show that the employer had some control over decisions related to claims for benefits, the employer should be able to be held accountable for a decision to deny benefits to employees.' " (*Id.* (citing *Armando v. AT & T Mobility,* 487 Fed.Appx. 877, 879 (5th Cir.2012))).[2] The problem

---

**2.** The Court notes that the language Plaintiff

quotes is actually from an argument made by

with Plaintiffs' argument, however, is that they wholly fail to cite any evidence in support of their contention that Welton was required to submit her request through FedEx rather than making it directly to Lincoln. Indeed, the plan's summary description suggests that an employee contact the insurer directly to apply for conversion. (Def.'s App. [doc. 23] 77.) Furthermore, Plaintiffs have failed to present any evidence suggesting that, even assuming FedEx was obligated to request that Lincoln send a conversion packet to Welton, FedEx was required to do so sooner than it did.

■ Plaintiffs apparently contend that FedEx violated fiduciary duties under ERISA. But they fail to specify the genesis of any such duties. Indeed, under ERISA, a " 'person is a fiduciary with respect to a plan,' and therefore subject to ERISA fiduciary duties, 'to the extent' that he or she 'exercises any discretionary authority or discretionary control respecting management' of the plan, or 'has any discretionary authority or discretionary responsibility in the administration' of the plan." *Varity Corp. v. Howe*, 516 U.S. 489, 498, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996). Plaintiffs have wholly failed to highlight, however, any evidence suggesting that FedEx exercised discretionary authority or control regarding the management or administration of the life-insurance policy.

## IV. Conclusion

As a result, the Court concludes that FedEx's summary-judgment motion should be granted, and Plaintiffs' claims

one of the parties in the *Armando* case, and not from language stated or specifically

are DISMISSED WITH PREJUDICE to their refiling.